■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

WILLIAM McFADDEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered June 12, 1990, convicting him of manslaughter in the first degree, reckless endangerment in the first degree (four counts), and assault in the second degree (two counts), upon a jury verdict, and sentencing him to indeterminate terms of 10 to 20 years imprisonment for manslaughter in the first degree, 2-½ to 5 years imprisonment on each conviction of reckless endangerment in the first degree, and 2-½ to 5 years imprisonment on each conviction of assault in the second degree. The sentence imposed for manslaughter in the first degree was to run concurrently with the sentences imposed for the convictions for reckless endangerment in the first degree imposed under counts 17 and 18 of the indictment. Those sentences were to run consecutively to the concurrent sentences imposed for reckless endangerment in the first degree under count 15 of the indictment and assault in the second degree under count 19 of the indictment and consecutively to the concurrent terms of imprisonment imposed for reckless endangerment in the first degree under count 16 of the indictment and assault in the second degree under count 20 of the indictment.

Ordered that all the judgment is modified, on the law, by providing that all the terms of imprisonment imposed shall run concurrently with the others; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly denied his request to dismiss a prospective juror for cause. The juror did not show an inability to lay her personal predilections aside nor did the responses that she gave to various questions demonstrate that she had any predisposition which would affect her ability to render an impartial verdict. Accordingly, the trial court properly denied the defendant's request (see, People v Williams, 63 NY2d 882, 884).

Additionally, we find that the court properly charged the jury that the defendant had a duty to retreat even though he was in his own dwelling, so long as he was the initial agressor (see, Penal Law § 35.15 [2] [a] [i]).

The defendant contends, and the People concede, that the sentences imposed under counts 15 and 19 of the indictment for reckless endangerment in the first degree and assault in the second degree, both indeterminate terms of 2-½ to 5 years imprisonment to run concurrently to one another, should not have been made to run consecutively to the sentences imposed

under counts 16 and 20. Counts 16 and 20 of the indictment were also for reckless endangerment in the first degree and assault in the second degree and the sentences imposed were also indeterminate terms of 2-½ to 5 years imprisonment for each and were run concurrently to one another. However, the sentences for counts 16 and 20 were made to run consecutively to the sentences imposed under counts 15 and 19 even though the offenses were committed by a single act of firing one shot from a shotgun *(see,* Penal Law § 70.25). Accordingly, we modify the sentence so as to provide that all these terms shall run concurrently.

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [5]) or without merit. Mangano, P. J., Sullivan, O'Brien and Ritter, JJ., concur.