THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. DAWSON, Appellant. [703 NYS2d 774] —Judgment unani-

mously affirmed. Memorandum: On appeal from a judgment convicting him upon his plea of guilty of rape in the third degree (Penal Law § 130.25 [2]), defendant contends that he is entitled to be resentenced because the People failed to file a statement pursuant to CPL 400.21 (2). We disagree. Prior to sentencing, the People filed a statement pursuant to CPL 400.21 (2) alleging that defendant had previously been convicted of assault in the first degree. At sentencing, defendant advised County Court that the statement was in error and that he had previously been convicted of assault in the second degree. The court then granted the oral motion of the People to amend the statement to reflect that defendant had been convicted of burglary in the third degree in 1990. Defendant admitted that he had been so convicted, failed to object to the court's consideration of that conviction when given the opportunity, and failed to object to being sentenced as a second felony offender. Thus, we conclude that "[t]he statutory purposes for filing a predicate statement (CPL 400.21) have been satisfied, to wit: apprising the court of the prior conviction and providing defendant with reasonable notice and an opportunity to be heard. The People's failure to file a predicate statement [with respect to the conviction of burglary in the third degree] was harmless [error], and remanding for filing and resentencing would be futile and pointless" (*People v Bouyea,* 64 NY2d 1140, 1142; *cf., People v Miller,* 251 AD2d 747, 748). (Appeal from Judgment of Oneida County Court, Donalty, J.—Rape, 3rd Degree.) Present—Hayes, J. P., Wisner, Pigott, Jr., Scudder and Lawton, JJ.