THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE E. LEON, Appellant. [804 NYS2d 220]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), rendered November 18, 2003. The judgment convicted defendant, after a nonjury trial, of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a bench trial of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]) arising from the possession of heroin that was hidden in the soles of women's shoes and transported from Florida to New York. Supreme Court properly refused to suppress the evidence seized from defendant's vehicle. The record establishes that the police had reasonable suspicion to stop defendant's vehicle, "thus justifying the use of the [K-9] dog to sniff around the vehicle" (People v Gomez, 270 AD2d 959, 959 [2000], lv denied 94 NY2d 948 [2000], citing People v Dunn, 77 NY2d 19, 26 [1990], cert denied 501 US 1219 [1991]). After the dog gave a positive indication of drugs in the vehicle, the police properly obtained a search warrant authorizing their search thereof (see People v Offen, 78 NY2d 1089, 1091 [1991]). Defendant further contends that the court erred in refusing to suppress his statement to the police because it resulted from his unlawful arrest. We reject that contention. Although we agree with defendant that the actions of the police officers in drawing their guns, frisking defendant, and transporting him to the

Public Safety Building amounted to an arrest (*see People v Brnja*, 50 NY2d 366, 372 [1980]; *People v Johnson*, 102 AD2d 616 [1984], *lv denied* 63 NY2d 776 [1984]), we reject the contention that he was arrested without probable cause. Rather, the record establishes that the police had probable cause to arrest defendant at that time based on information obtained from a confidential informant (*see generally People v Rodriguez*, 52 NY2d 483 [1981]).

Although we agree with defendant that the People improperly failed to disclose certain portions of the Confidential Informant Personal History Report, we conclude that reversal is not required because "there is no 'reasonable probability' that the verdict would have been different had the material been disclosed to the defense and presented to the trier of fact" (*People v Valentin*, 1 AD3d 982, 983 [2003], *lv denied* 1 NY3d 602 [2004]; *see People v Hendricks* [appeal No. 2], 4 AD3d 798 [2004], *lv denied* 2 NY3d 800 [2004]). In addition, we conclude that the People's failure to file a predicate felony statement with the County Clerk prior to sentencing is "harmless [error], and remanding for filing and resentencing would be futile and pointless" (*People v Bouyea*, 64 NY2d 1140, 1142 [1985]; *see People v Dawson*, 269 AD2d 867 [2000]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Hurlbutt, Gorski and Smith, JJ.