■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY J. SMITH, Appellant. [933 NYS2d 912]—

Egan Jr., J.

In satisfaction of a five-count indictment, defendant pleaded

guilty to the crime of rape in the second degree, waived his right to appeal and thereafter was sentenced to the agreed-upon term of six months in jail followed by 10 years of probation. Defendant now appeals from the judgment of conviction, as well as from County Court's subsequent order denying his pro se CPL article 440 motion.

We affirm. Defendant initially contends that his conviction must be reversed due to County Court's failure to render a decision regarding his pro se motion to dismiss the indictment for legal insufficiency. The record reveals, and defendant does not dispute, that defendant pleaded guilty to the underlying crime shortly after he filed the subject motion—without awaiting County Court's determination thereof—and, in conjunction therewith, voluntarily executed a written waiver of the right to appeal wherein he expressly forfeited his right to challenge, among other things, the sufficiency of the indictment and the proof presented to the grand jury. Accordingly, we conclude that defendant's present challenge is precluded by his valid waiver of the right to appeal (*see People v Buckler*, 80 AD3d 889, 890 [2011], *lv denied* 17 NY3d 804 [2011]; *People v Stokely*, 49 AD3d 966, 968 [2008]), as well as his subsequent guilty plea (*see People v Cintron*, 62 AD3d 1157, 1158 [2009], *lv denied* 13 NY3d 742 [2009]; *People v Melendez*, 48 AD3d 960, 960 [2008], *lv denied* 10 NY3d 962 [2008]; *cf. People v Morton*, 84 AD3d 1507, 1507 [2011]; *People v Atwood*, 9 AD3d 512, 513 [2004]).

Defendant's claim that County Court erred in denying his CPL article 440 motion without a hearing is equally unpersuasive, as the sole basis for the motion was defendant's vague and conclusory assertion that the then 13-year-old victim had recanted her earlier statement. Noticeably absent from the record is any evidence that the alleged recantation actually existed—much less that the People had knowledge of and thereafter improperly withheld it from defendant. Under these circumstances, we cannot say that County Court erred in denying defendant's motion without a hearing (*see People v Chaffee*, 30 AD3d 763, 765 [2006], *lv denied* 7 NY3d 846 [2006]).

Spain, J.P., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the judgment and order are affirmed.