■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS CRUZ, Appellant. [960 NYS2d 741]—

---

Stein, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered April 1, 2011, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, an inmate, was charged with promoting prison contraband in the first degree after he was found to be in possession of a folded over metal can lid with a tape handle. He ultimately pleaded guilty to attempted promoting prison contraband in the first degree and was sentenced, as a second felony offender, to the agreed-upon prison term of 1½ to 3 years, with the sentence to run consecutively to the prison term he was already serving. Defendant appeals.

We affirm. Inasmuch as the record before us does not indicate that defendant moved to withdraw his plea or vacate the judgment of conviction, his challenges to the factual sufficiency of the allocution and the voluntariness of his plea are unpreserved for our review (*see People v Clemons*, 96 AD3d 1086, 1087 [2012], *lv denied* 19 NY3d 1101 [2012]; *People v Klages*, 90 AD3d 1149, 1150 [2011], *lv denied* 18 NY3d 925 [2012]). Moreover, contrary to defendant's contention, we do not find that his statements during the plea allocution cast doubt upon his guilt or negated an essential element of the crime so as to trigger the narrow exception to the preservation requirement (*see People v Board*, 75 AD3d 833, 833 [2010]; *People v Coles*, 13 AD3d 665, 666 [2004]).

While defendant's claim that the indictment was jurisdictionally defective in that it did not allege conduct constituting every element of the charged crime survives his guilty plea (*see People v George*, 261 AD2d 711, 713 [1999], *lv denied* 93 NY2d 1018 [1999]), it is without merit. " '[A]n indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime' " (*People v Ray*, 71 NY2d 849, 850 [1988], quoting *People v Iannone*, 45 NY2d 589, 600 [1978]; *accord People v Slingerland*, 101 AD3d 1265, 1266 [2012]; *People v Champion*, 20 AD3d 772, 773 [2005]). To that end, "[w]here an indictment count incorporates by reference the statutory provision applicable to the crime intended to be charged, it has been repeatedly held that this is sufficient to apprise the defendant of the charge and, therefore, renders the count jurisdictionally valid" (*People v Burch*, 97 AD3d 987, 988 [2012], *lv denied* 19 NY3d 1101 [2012] [internal quotation marks and citations omitted]; *accord People v D'Angelo*, 98 NY2d 733, 734-735 [2002]; *People v Kamburelis*, 100 AD3d 1189, 1189-1190 [2012]; *People v Brown*, 75 AD3d 655, 656 [2010]). Here, inasmuch as the indictment recites, among other things,

the specific section of the Penal Law under which defendant had been charged, we cannot conclude that the indictment was jurisdictionally defective. To the extent that defendant challenges the factual sufficiency of the indictment, such challenges to nonjurisdictional defects in the accusatory instrument were forfeited by his guilty plea (*see People v Brown*, 75 AD3d at 656; *People v George*, 261 AD2d at 713).

Rose, J.P., Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.