*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 31, 2014                    105793
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                         Respondent,
        v                                       MEMORANDUM AND ORDER

ERIC MOON,
                         Appellant.
_____


Calendar Date:   May 30, 2014

Before:   Stein, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

                         _____


        Theodore J. Stein, Woodstock, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

                         _____


Stein, J.P.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered June 20, 2012, convicting defendant upon
his plea of guilty of the crime of assault in the second degree
(two counts).

        Defendant was charged in an indictment with two counts of
assault in the first degree and two counts of assault in the
second degree, arising from an incident in July 2011 during which
his codefendants shot into a crowd with a shotgun and a rifle and
seriously injured two people.  Thereafter, defendant pleaded
guilty to both counts of assault in the second degree in exchange
for a prison term of six years followed by five years of
postrelease supervision on each count, to be served
consecutively, and waived his right to appeal.  Prior to

sentencing, defendant moved to withdraw his plea. That motion was denied, and County Court thereafter sentenced defendant, as a second felony offender, to the agreed-upon term. Defendant now appeals.

We affirm. To the extent that defendant contends that the indictment was jurisdictionally defective, we note that an indictment will be found defective when it fails to charge the defendant with the commission of a particular crime. However, "[w]here an indictment count incorporates by reference the statutory provision applicable to the crime intended to be charged, it has been repeatedly held that this is sufficient to apprise the defendant of the charge and, therefore, renders the count jurisdictionally valid" (People v Cruz, 104 AD3d 1022, 1023 [2013] [internal quotation marks and citation omitted]). Here, the counts of the indictment to which defendant pleaded recite, among other things, the specific section of the Penal Law under which defendant was charged and, accordingly, the indictment was not jurisdictionally defective (see People v Cruz, 104 AD3d at 1023-1024; People v Brown, 75 AD3d 655, 656 [2010]). Further, defendant's challenge to the factual sufficiency of the indictment, which amounts to a nonjurisdictional defect, is foreclosed by his guilty plea (see People v Olmstead, 111 AD3d 1063, 1064 [2013]; People v Cruz, 104 AD3d at 1024).

Lastly, we reject defendant's contention that the imposition of consecutive sentences was illegal. Pursuant to Penal Law § 70.25 (2), sentences must run concurrently for two or more offenses committed through a single act or omission. However, consecutive sentences may be imposed when "'the acts involved, though part of a continuous course of conduct, can be separated into separate and distinct events'" (People v Snyder, 91 AD3d 1206, 1215 [2012], lv denied 19 NY3d 968 [2012], cert denied ___ US ___, 133 S Ct 791 [2012], quoting People v Williams, 51 AD3d 1141, 1145 [2008], lvs denied 10 NY3d 959, 965 [2008]). Here, considering defendant's allocution wherein he admitted that multiple shots were fired and the absence of any contention that the same bullet injured both victims, as well as the fact that defendant pleaded guilty with the understanding that the sentences for each assault would be imposed consecutively, County Court did not err in concluding that the

shootings constituted separate and distinct acts and, thus, in imposing consecutive sentences (see People v Brathwaite, 63 NY2d 839, 842-843 [1984]; People v Holmes, 92 AD3d 957, 957 [2012], lvs denied 19 NY3d 961, 967 [2012]).

McCarthy, Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court