Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered May 10, 2012, convicting defendant upon his plea of guilty of the crime of assault in the second degree (two counts).
Defendant and two codefendants planned to scare certain individuals by discharging firearms near their home in the City of Kingston, Ulster County. On July 11, 2011 while it was dark, defendant shot a rifle into the air and one of the codefendants fired a shotgun. Two individuals standing outside the residence were struck by birdshot discharged from the shotgun and were seriously injured. As a result, defendant, along with his co-defendants, was charged in an indictment with multiple crimes. In satisfaction of the charges, defendant pleaded guilty to two counts of assault in the second degree. In accordance with the plea agreement, he was sentenced as a second felony offender to two consecutive terms of seven years in prison, followed by five years of postrelease supervision on each count. He now appeals.
Defendant contends that County Court illegally imposed consecutive sentences because the crimes to which he pleaded guilty arose from a single act, that being the firing of the shotgun which discharged the birdshot that struck the two victims. The People concede that the sentence is illegal for this reason and we agree. Penal Law § 70.25 (2) provides, in relevant part, that *1162 “[w]hen more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission . . . the sentences . . . must run concurrently” (see generally People v Laureano, 87 NY2d 640, 643-644 [1996]). Here, the evidence presented indicates that both victims were injured by the birdshot discharged by one shot of the shotgun fired by a codefendant. Defendant’s assault convictions arose from this single act (see People v McFadden, 180 AD2d 825, 827 [1992], lv denied 79 NY2d 1004 [1992]; People v Luster, 148 AD2d 305, 306 [1989], lv denied 74 NY2d 666 [1989]; compare People v Brathwaite, 63 NY2d 839, 843 [1984]).* Consequently, the consecutive sentences are illegal and must be modified.
Lahtinen, J.E, Stein, McCarthy, Rose and Egan Jr., JJ., concur.
Ordered that the judgment is modified, on the law, by directing that defendant’s sentences shall run concurrently rather than consecutively, and, as so modified, affirmed.

 We note that this Court upheld consecutive sentences imposed upon one codefendant, inasmuch as his allocution included an admission that multiple shots were fired from the shotgun and, unlike here, no proof was presented that the victims were injured by the same shot (see People v Moon, 119 AD3d 1293 [2014], lv denied 24 NY3d 1004 [Oct. 29, 2014]).