## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  November 12, 2015          106092
                                                 106752

_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
               Respondent,

     v                                    MEMORANDUM AND ORDER

JOHN J. RAPP,
               Appellant.

_____

Calendar Date:   September 8, 2015

Before:  McCarthy, J.P., Egan Jr., Rose and Clark, JJ.

_____

     Brian M. Quinn, Albany, for appellant.

     Kathleen B. Hogan, District Attorney, Lake George (Emilee B. Davenport of counsel), for respondent.

_____

Clark, J.

     Appeals (1) from a judgment of the County Court of Warren County (Hall Jr., J.), rendered December 17, 2013, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and unlawfully dealing with a child in the first degree, and (2) by permission, from an order of said court, entered May 30, 2014, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

     In April 2012, defendant was indicted and charged with two counts each of criminal possession of a controlled substance in the third degree, criminal sale of a controlled substance in the third degree and conspiracy in the fourth degree, as well as one

count of unlawfully dealing with a child in the first degree, all
stemming from two alleged drug transactions in the City of Glens
Falls, Warren County.  In full satisfaction of the indictment,
defendant pleaded guilty to one count each of criminal sale of a
controlled substance in the third degree and unlawfully dealing
with a child in the first degree and waived his right to appeal.
He was sentenced, as a second felony offender, to a prison term
of seven years to be followed by three years of postrelease
supervision.[1]  Defendant thereafter moved, pursuant to
CPL 440.10, to vacate the judgment on the basis of, among other
things, the ineffective assistance of counsel.  County Court
denied the motion without a hearing.  Defendant now appeals from
the judgment of conviction and, with permission, from the order
denying his postconviction motion.

     Initially, defendant's unchallenged waiver of appeal
precludes his contention that the grand jury minutes were
deficient on the basis that the People may have failed to
instruct the grand jury on the agency defense (see People v
Hansen, 95 NY2d 227, 230 [2000]), as well as his claim that the
agreed-upon sentence was harsh and excessive (see People v Lopez,
6 NY3d 248, 256 [2006]; People v Toback, 125 AD3d 1060, 1061
[2015], lv denied 25 NY3d 993 [2015]; People v Miner, 120 AD3d
1449, 1450 [2014]).

     While portions of defendant's claim that the indictment was
jurisdictionally defective survive his guilty plea and waiver of
appeal (see People v Casey, 95 NY2d 354, 363 [2000]; People v
Slingerland, 101 AD3d 1265, 1265-1266 [2012], lv denied 20 NY3d
1104 [2013]), they are without merit.  Specifically, "where an
indictment count incorporates by reference the statutory
provision applicable to the crime intended to be charged, it has
been repeatedly held that this is sufficient to apprise the
defendant of the charge and, therefore, renders the count
jurisdictionally valid" (People v Moon, 119 AD3d 1293, 1294

---

[1]  Defendant was sentenced to time served with respect to
the conviction of unlawfully dealing with a child in the first
degree.

[2014], lv denied 24 NY3d 1004 [2014] [internal quotation marks, brackets and citations omitted]). Here, because counts two and seven of the indictment — i.e., the counts to which defendant pleaded guilty — recite, among other things, the specific section of the Penal Law under which defendant was charged, those counts of the indictment were not jurisdictionally defective (see People v Cruz, 104 AD3d 1022, 1023-1024 [2013]; People v Motz, 52 AD3d 1029, 1030 [2008], lv denied 11 NY3d 791 [2008]). Moreover, although the People concede that the two counts of conspiracy in the fourth degree are jurisdictionally defective, defects contained in the counts to which defendant did not plead guilty constitute mere technical flaws that are precluded by defendant's waiver of appeal (see People v Olmstead, 111 AD3d 1063, 1064 [2013]; People v Maye, 69 AD3d 1115, 1116 [2010], lv denied 15 NY3d 807 [2010]).

Defendant next asserts that his plea should be vacated because the People breached their promise to make County Court aware of his cooperation and recommend a lower sentence. Although this contention is not precluded by defendant's waiver of appeal (see People v Dame, 100 AD3d 1032, 1034 [2012], lv denied 21 NY3d 1003 [2013]; People v Carter, 64 AD3d 1089, 1091 [2009], lv denied 13 NY3d 835 [2009]), it nonetheless evades our review inasmuch as defendant failed to properly preserve the argument with a postallocution motion to withdraw his plea (see People v Parsons, 3 AD3d 790, 791 [2004]). In any event, defendant was sentenced in accordance with the agreed-upon plea bargain.

However, we do agree with defendant's contention that remittal to County Court is required inasmuch as his CPL 440.10 motion was improperly denied without a hearing, as defendant's claims of ineffective assistance of counsel are based upon matters not apparent on the face of the record (compare CPL 440.30; People v Satterfield 66 NY2d 796, 799 [1985]). Specifically, defendant's pro se motion to vacate the judgment of conviction contains sworn allegations of ineffective assistance based upon counsel's failure to engage in discovery or motion practice and counsel pressuring him to accept the plea offered by the People, as well as arguments that we construe to implicate

the voluntariness of defendant's plea.  The People opposed defendant's application, by way of letter, solely on the basis that a direct appeal was already pending (see CPL 440.10 [2] [b]) and provided no additional documentary proof regarding the substance of defendant's allegations.  County Court agreed with the People and denied the motion without a hearing.

The record before us contains no motions or discovery, and the reason for their absence is not apparent.  We are able to ascertain only the following from the record.  In June 2012, at arraignment on the indictment, defendant signed a preplea waiver – also absent from the record and, notably, innocuously referred to by County Court as "the yellow sheet" – permitting a preplea investigation by the Probation Department and a report to be sent to County Court.  We are unable to determine whether counsel was present with defendant during his interview with the Probation Department.  Two months later, defendant wrote to County Court expressing his dissatisfaction with counsel – a complaint that, at least according to this record, remains substantively unaddressed prior to defendant's plea in September 2012.  Two days shy of one year following his arraignment, defendant was finally sentenced and a subsequent letter from defense counsel to defendant appears in the file, which profoundly misstates the facts and circumstances surrounding defendant's plea, among other things, as we otherwise know them.  Inasmuch as there is no factual record of defendant's claims, we are powerless to properly address them.  Therefore, upon the record before us, we are of the view that a hearing should have been held on his CPL 440.10 motion to determine the validity of defendant's allegations of ineffective assistance of counsel.

Thus, the matter must be remitted to County Court for a hearing on defendant's CPL 440.10 motion to vacate the judgment of conviction.  Furthermore, because defendant's arguments of ineffective assistance of counsel on direct appeal likewise concern matters outside the record, these claims are more properly the subject of a postconviction motion (see People v Hansen, 95 NY2d 227, 230-231 [2000]; People v Jenkins, 130 AD3d 1091, 1092 [2015]; People v Green, 9 AD3d 687, 688 [2004]).

-5-                           106092
                              106752

McCarthy, J.P., Egan Jr. and Rose, JJ., concur.


        ORDERED that the judgment is affirmed.

        ORDERED that the order is reversed, on the law, and matter
remitted to the County Court of Warren County for a hearing on
defendant's CPL article 440 motion.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court