*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 12, 2017                    107173
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

ARNAYIS FRANKLIN, Also Known
    as ARTIE, Also Known as
    ARNIE,
                        Appellant.
_____


Calendar Date:  November 16, 2016

Before:  Egan Jr., J.P., Lynch, Rose, Clark and Aarons, JJ.

_____


        Aaron A. Louridas, Delmar, for appellant, and appellant
pro se.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

_____


Egan Jr., J.P.

        Appeal from a judgment of the County Court of Ulster County
(McGinty, J.), rendered August 30, 2011, convicting defendant
upon his plea of guilty of the crime of criminal possession of a
controlled substance in the third degree.

        In September 2005, defendant was charged in an eight-count
indictment with various drug-related offenses.  Thereafter, in
July 2006, defendant – in full satisfaction of the foregoing
indictment – pleaded guilty to one count of criminal possession
of a controlled substance in the second degree and, in September
2006, was sentenced to the agreed-upon term of 10 years in prison

followed by five years of postrelease supervision. Four years later, defendant filed a pro se CPL article 440 motion contending, among other things, that his sentence had been illegally imposed based upon a misapprehension as to the aggregate weight required to sustain his conviction under Penal Law § 220.18.[1] The People did not oppose this request and, in May 2011, County Court granted defendant's motion, vacated the plea and sentence and scheduled the matter for further proceedings. Defendant appeared before County Court on May 25, 2011, at which time he was assigned counsel and the matter was adjourned to afford counsel an opportunity to review defendant's file.[2]

In June 2011, defendant pleaded guilty to criminal possession of a controlled substance in the third degree – again in full satisfaction of the underlying indictment – in exchange for a prison term of seven years (subject to credit for time served) followed by two years of postrelease supervision. During the course of the plea colloquy, an extensive discussion was had with regard to whether defendant had a prior, valid felony conviction. Ultimately, the People agreed to treat defendant as a first felony offender, and no prior felony statement was filed. When defendant returned for sentencing in August 2011, he indicated that he wished to proceed pro se. Following a colloquy with defendant and assigned counsel, County Court granted defendant's request and thereafter sentenced him to the agreed-

---

[1] Defendant's 2006 guilty plea was premised upon his possession of two ounces of cocaine, but a 2004 amendment to Penal Law § 220.18 had increased the aggregate weight required for that crime from two ounces to four ounces (see L 2004, ch 738, § 21).

[2] County Court noted during the May 2011 appearance that, upon "calculat[ing] the conviction," it appeared that the Department of Corrections and Community Supervision no longer had a basis upon which to retain custody of defendant and, therefore, it was anticipated that custody of defendant would be transferred to the Ulster County Jail pending further proceedings.

upon prison term.[3]  This appeal by defendant ensued.[4]

Defendant initially contends that the underlying indictment was jurisdictionally defective due to errors in the indictment number itself and in the list of charges contained on the indictment backer.  "Although . . . a jurisdictional defect in an indictment is not waived by a guilty plea and may be raised for the first time on appeal, . . . not every defect in an indictment is a jurisdictional defect for these purposes.  In essence, an indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime" (People v Iannone, 45 NY2d 589, 600 [1978] [internal citations omitted]; see People v Cruz, 104 AD3d 1022, 1023 [2013]).  Here, there is no question that the subject indictment, which incorporated by reference the statutory provisions applicable to the crimes charged therein, was sufficient to apprise defendant of the charges against him (see People v Cruz, 104 AD3d at 1023-1024; People v Brown, 75 AD3d 655, 656 [2010]), and the typographical errors of which defendant now complains "constitute . . . technical, nonjurisdictional defect[s] that [were] waived by defendant's guilty plea" (People v Olmstead, 111 AD3d 1063, 1064 [2013]; see People v Porath, 104 AD3d 1028, 1029 [2013], lv denied 21 NY3d 1019 [2013]; People v Slingerland, 101 AD3d 1265, 1266 [2012], lv denied 20 NY3d 1104 [2013]).

As for the arguments made by defendant in his pro se brief, defendant cannot challenge County Court's decision granting his CPL article 440 motion and vacating his 2006 plea and sentence

---

[3]  Defendant finished serving this prison sentence and was released to parole supervision in November 2011, and his period of postrelease supervision expired in November 2013 (see Dept of Corrections and Community Supervision Inmate Population Information Search, http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ120).

[4]  Although defendant filed his notice of appeal in September 2011, he did not perfect his appeal in this Court until March 2016.

because, having successfully obtained the very relief he sought, defendant is not an aggrieved party within the meaning of CPLR 5511 (see generally People v Baker, 131 AD2d 491, 491-492 [1987], lv denied 70 NY2d 709 [1987]).  With respect to defendant's ineffective assistance of counsel claim, defendant's present contentions – that counsel failed to properly investigate his case and provided inadequate or erroneous advice – implicate matters outside of the record and, as such, are more appropriately addressed in the context of a CPL article 440 motion (see People v Clapper, 133 AD3d 1037, 1038 [2015], lv denied 27 NY3d 995 [2016]; People v Alnutt, 107 AD3d 1139, 1144-1145 [2013], lv denied 22 NY3d 1136 [2014]).  To the extent that the balance of defendant's ineffective assistance of counsel claim impacts the voluntariness of his plea, such claim is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Horton, 140 AD3d 1525, 1525 [2016]; People v Islam, 134 AD3d 1348, 1349 [2015]).  "Further, the narrow exception to the preservation rule was not triggered here, as defendant did not make any statements during the plea allocution that negated an essential element of the crime or otherwise cast doubt upon his guilt" (People v Perkins, 140 AD3d 1401, 1403 [2016] [internal quotation marks and citations omitted]).

    Nor are we persuaded that County Court erred in granting defendant's request to proceed pro se at the time of sentencing. "A criminal defendant may be permitted to proceed pro se if the request is timely and unequivocal, there has been a knowing and intelligent waiver of the right to counsel, and defendant has not engaged in conduct that would interfere with a fair and orderly [proceeding]" (People v Hamilton, 133 AD3d 1090, 1093 [2015] [internal quotation marks and citations omitted]; see People v Brooks, 140 AD3d 1780, 1781 [2016]).  When faced with such a request, County Court must "engage[] in the requisite inquiry, examining defendant's education, occupation, previous exposure to legal procedures and other relevant factors bearing on a competent, intelligent, voluntary waiver" (People v Hamilton, 133 AD3d at 1093 [internal quotation marks and citation omitted]; see People v Brooks, 140 AD3d at 1781).  Here, defendant made a timely and unequivocal request to proceed pro se, in response to which County Court questioned defendant as to his legal knowledge

and experience and inquired as to whether defendant was aware of the risks that self-representation might entail; defendant, in turn, reiterated his desire to proceed pro se. In addition to the information gleaned during the colloquy with defendant, County Court was aware that, despite a lack of formal education or training, defendant had prevailed on his pro se motion to vacate his prior conviction and sentence. Under these circumstances, we have no quarrel with County Court's decision to permit defendant to proceed pro se at the time of sentencing.

As a final matter, defendant argues that his already-completed sentence should be vacated due to the People's failure to file a prior felony statement pursuant to CPL 400.21. During the course of the plea colloquy, County Court inquired as to whether the instant offense was defendant's second felony offense. Defense counsel acknowledged that defendant had a prior felony conviction, but indicated that defendant was asserting "that the prior conviction cannot count as a predicate for this case because the original sentence was illegal." Upon further inquiry by County Court, defendant clarified that he was contending that the plea underlying the prior conviction was "unlawful," in response to which County Court indicated that it would afford defense counsel time to explore and resolve the issue of whether defendant was in fact a predicate felon. Following additional discussion, the People – reasoning that defendant's felony offender status would not affect the previously agreed-upon sentence one way or the other – indicated that they would not "seek the prior felony" and were content to have defendant sentenced as a first felony offender. Accordingly, no prior felony statement was filed, and defendant thereafter was sentenced both in accordance with the terms of the plea agreement and to a term of imprisonment consistent with the sentencing range applicable to a first felony offender.

Assuming, without deciding, that the People's failure to file a prior felony statement (see CPL 400.21) has been preserved for our review (see People v Brown, 70 AD3d 1302, 1305 [2010], affd 17 NY3d 742 [2011]; compare People v Samms, 95 NY2d 52 [2000], with People v Pellegrino, 60 NY2d 636 [1983]), we find the People's omission in this regard to be harmless error and, further, that granting the pro se relief requested by defendant –

vacating the sentence previously imposed and remitting for resentencing — would, under the particular facts of this case, "be futile and pointless" (People v Bouyea, 64 NY2d 1140, 1142 [1985]; accord People v Fuentes, 140 AD3d 1656, 1657 [2016], lv denied 28 NY3d 1072 [2016]; People v Leon, 23 AD3d 1110, 1112 [2005], lv denied 6 NY3d 755 [2005]; People v Dawson, 269 AD2d 867, 868 [2000]). As noted previously, defendant, who actually benefitted from the People's failure to comply with CPL 400.21 and, hence, suffered no prejudice as a result of this omission, has served his sentence, and his period of postrelease supervision has expired. Accordingly, remitting this matter for resentencing would serve no purpose other than to potentially expose defendant to an additional period of incarceration. Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Lynch, Rose, Clark and Aarons, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court