Devine, J.
Appeal from a judgment of the County Court of Schenectady County (Loyola, J.), rendered July 9, 2015, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Defendant was charged in a four-count indictment with offenses stemming from his alleged sale of cocaine to a police informant on two occasions six days apart. He engaged in pretrial motion practice that included, among other things, applications to suppress the informant’s identification of him to police and place him in the Judicial Diversion Program. After that relief was denied, defendant pleaded guilty to criminal sale of a controlled substance in the third degree in satisfaction of the indictment and waived his right to appeal. As *1305 contemplated by the plea agreement, County Court sentenced defendant, a second felony offender, to five years in prison and two years of postrelease supervision. Defendant now appeals.
We affirm. Upon our review of the thorough plea colloquy and the detailed written waiver executed by defendant, we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Walton, 101 AD3d 1489, 1489-1490 [2012], lv denied 20 NY3d 1105 [2013]; People v McDuffie, 89 AD3d 1154, 1156 [2011], lv denied 19 NY3d 964 [2012]). Defendant is accordingly precluded from arguing that County Court erred in refusing to either suppress identification evidence (see People v Kemp, 94 NY2d 831, 833 [1999]; People v Flake, 95 AD3d 1371, 1372 [2012], lv denied 19 NY3d 973 [2012]) or grant him judicial diversion (see People v Brown, 122 AD3d 1006, 1007 [2014]; People v Smith, 112 AD3d 1232, 1232 [2013], lv denied 22 NY3d 1203 [2014]).
Defendant also challenges the voluntariness of his guilty plea and, while that issue survives his appeal waiver, the apparent lack of an appropriate postallocution motion leaves it unpreserved for our review (see People v Mann, 140 AD3d 1532, 1533 [2016]; People v White, 139 AD3d 1260, 1260 [2016]). Despite defendant’s protestations to the contrary, nothing was said during the plea colloquy that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea so as to implicate the narrow exception to the preservation rule (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Austin, 141 AD3d 956, 957 [2016]).
Defendant next contends that the indictment was jurisdic-tionally defective which, unlike his speculation that deficiencies might be found in the grand jury minutes, survives his guilty plea and appeal waiver (see People v Hansen, 95 NY2d 227, 230-231 [2000]; People v Rapp, 133 AD3d 979, 979-980 [2015]). The indictment was jurisdictionally valid, however, as the count to which defendant pleaded guilty recited the specific section of the Penal Law under which he was charged and did not need to specify the exact subset of cocaine he sold (see People v Rapp, 133 AD3d at 980; People v Moon, 119 AD3d 1293, 1294 [2014], lv denied 24 NY3d 1004 [2014]).
The claims advanced by defendant in his pro se supplemental brief largely echo those raised by appellate counsel and addressed above. To the extent that they do not, we have examined them and found them to be without merit.
Peters, P.J., Rose and Aarons, JJ., concur.
Ordered that the judgment is affirmed.