Rose, J.
 

 Appeal from a judgment of the County Court of Saratoga County (Sypniewski, J.), rendered July 20, 2015, convicting defendant upon his plea of guilty of the crime of disorderly conduct.
 

 Defendant had a physical altercation with a police officer during a prisoner exchange. As a result, he was charged in an indictment with assault in the third degree. Defendant moved to dismiss the indictment on the ground that there was insufficient evidence that the officer who was involved in the altercation sustained physical injury. The motion was denied. Thereafter, in satisfaction of the indictment, defendant pleaded guilty to the reduced charge of disorderly conduct and waived his right to appeal, both orally and in writing. In accordance with the terms of the plea agreement, he was sentenced to time served. He now appeals.
 

 Defendant challenges the denial of his motion to dismiss the indictment and the voluntariness of his guilty plea. We note that the former claim, which is not jurisdictional in nature, is precluded by defendant’s guilty plea and waiver of the right to appeal, the latter of which adequately complied with the requirements of People v Lopez (6 NY3d 248, 256 [2006]; see People v Young, 100 AD3d 1186, 1187 [2012], lv denied 21 NY3d 1021 [2013]; People v Smith, 90 AD3d 1148, 1149 [2011]). Although defendant is not foreclosed by his waiver of the right to appeal from contesting the voluntariness of his guilty plea, this claim has not been preserved for our review given that the record does not disclose that he made an appropriate postallocution motion (see People v Bonds, 148 AD3d 1304, 1305 [2017], lv denied 29 NY3d 1076 [2017]; People v Woods, 147 AD3d 1156, 1156-1157 [2017], lv denied 29 NY3d 1089 [2017]). Moreover, defendant did not make any statements during the plea colloquy that cast doubt upon his guilt such as to invoke the narrow exception to the preservation requirement (see People v Bonds, 148 AD3d at 1305; People v Woods, 147 AD3d at 1157). Therefore, the judgment must be affirmed.
 

 Egan Jr., J.R, Lynch and Mulvey, JJ., concur.
 

 Ordered that the judgment is affirmed.