People v Wilburn (2018 NY Slip Op 00863)





People v Wilburn


2018 NY Slip Op 00863


Decided on February 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 8, 2018

107803

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
WINSTON T. WILBURN, Appellant.

Calendar Date: January 12, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Pritzker, JJ.


Robert W. Linville, Public Defender, Hudson (Michael C. Howard of counsel), for appellant.
Paul Czajka, District Attorney, Hudson (James A. Carlucci of counsel), for respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered May 13, 2015, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the second degree, grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree.
In October 2014, defendant was charged in an indictment with criminal possession of a weapon in the second degree, grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree. He thereafter filed an omnibus motion seeking, among other things, dismissal of the indictment on the ground that the evidence presented to the grand jury was not legally sufficient to establish criminal possession of a
weapon in the second degree. In the motion, defendant also requested that County Court review the grand jury minutes to assess the sufficiency of the evidence presented and that he be provided a copy of the minutes. On February 10, 2015, County Court granted the motion, to the extent that it agreed to review the grand jury minutes, but reserved judgment on the remainder of the motion pending that review. On February 20, 2015, prior to County Court rendering a decision regarding the review of the grand jury minutes, defendant pleaded guilty as charged in the indictment. He was subsequently sentenced, as a second felony offender, to an aggregate prison term of 8&frac13; years, to be followed by five years of postrelease supervision. Defendant now appeals.
We affirm. Initially, defendant's contention that the indictment was jurisdictionally [*2]defective is without merit. Inasmuch as the counts of the indictment recited the specific sections of the Penal Law under which defendant was charged, the indictment was not jurisdictionally defective (see People v Rapp, 133 AD3d 979, 980 [2015]; People v Moon, 119 AD3d 1293, 1294 [2014], lv denied 24 NY3d 1004 [2014]). As to the claim that the evidence presented to the grand jury regarding the criminal possession of a weapon charge did not establish that the firearm in question was loaded or operable, "defendant's guilty plea foreclosed his right to challenge the legal sufficiency of the grand jury evidence" (People v Williams, 25 AD3d 927, 929 [2006], lv denied 6 NY3d 840 [2006]; see People v Cook, 150 AD3d 1543, 1544 [2017]). Finally, although defendant also claims that the People unreasonably delayed providing the grand jury minutes to County Court in order to hide the insufficiency of the evidence presented to the grand jury, this issue does not relate to jurisdictional matters or to rights of a constitutional dimension. Accordingly, it is also forfeited by defendant's guilty plea (see People v Hansen, 95 NY2d 227, 230 [2000]; People v McCommons, 119 AD3d 1085, 1085 [2014]).
Garry, P.J., McCarthy, Egan Jr. and Lynch, JJ., concur.
ORDERED that the judgment is affirmed.