People v Gannon (2018 NY Slip Op 08582)





People v Gannon


2018 NY Slip Op 08582


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

109187

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
HEIDI GANNON, Appellant.

Calendar Date: November 15, 2018

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ.


Brian M. Quinn, Albany, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered October 3, 2016, convicting defendant upon her plea of guilty of the crimes of criminal sexual act in the first degree and sexual abuse in the first degree.
After police discovered that defendant had assisted her husband in having inappropriate sexual contact with her two minor daughters over the course of many years, felony complaints were filed alleging that defendant had committed various crimes. Four of the felony complaints involved criminal conduct that occurred during March 2014 and alleged that defendant had committed the crimes of sexual abuse in the first degree (two counts), criminal sexual act in the first degree (two counts) and attempted rape in the first degree. Two other felony complaints involved criminal conduct that occurred between 2009 and 2015 and alleged that defendant had committed the crime of endangering the welfare of a child (two counts). Defendant subsequently waived indictment and agreed to be prosecuted by a superior court information (hereinafter SCI) charging her with the crimes of criminal sexual act in the first degree under Penal Law § 130.50 (4) and sexual abuse in the first degree under Penal Law § 130.65 (4) based upon criminal conduct that occurred in September and October 2009. She pleaded guilty to both crimes in satisfaction thereof and waived her right to appeal, both orally and in writing. In accordance with the terms of the plea agreement, she was given concurrent sentences of 10 years in prison followed by 20 years of postrelease supervision on the criminal sexual act conviction, and seven years in prison followed by 10 years of postrelease supervision on the sexual abuse conviction. She now appeals.
Initially, defendant contends that the waiver of indictment and the SCI are jurisdictionally defective with respect to the crime of sexual abuse in the first degree under Penal Law § 130.65 (4) because this provision of the Penal Law was not in effect in 2009 when the alleged criminal conduct occurred. Preliminarily, we note that defendant is not precluded by her [*2]unchallenged waiver of the right to appeal from raising this jurisdictional challenge (see People v Bethea, 61 AD3d 1016, 1017 [2009]; see also People v Casey, 66 AD3d 1128, 1129 [2009]). The People concede that a jurisdictional defect exists inasmuch as the relevant Penal Law provision did not become effective until November 1, 2011 (see Penal Law § 130.65 [4], as added by L 2011, ch 26, § 1), and a defendant may not be charged with a crime that does not exist at the time that the act was committed (see People v Bethea, 61 AD3d at 1017; People v Roe, 191 AD2d 844, 845 [1993]). Consequently, defendant's plea of guilty to sexual abuse in the first degree must be vacated and count 2 of the SCI charging her with this crime must be dismissed. In view of this, defendant's other jurisdictional claims with respect to this crime are rendered academic.
As for the crime of criminal sexual act in the first degree as charged in count 1 of the SCI, defendant asserts that the waiver of indictment and SCI, as well as the underlying felony complaints, are jurisdictionally defective because they fail to reference Penal Law § 20.20 or contain factual allegations supporting defendant's culpability as an accomplice to her husband's criminal acts. Although labeled a jurisdictional challenge, this claim is essentially a challenge to the factual sufficiency of the charging instrument and, as such, is foreclosed by defendant's guilty plea (see People v Cook, 150 AD3d 1543, 1544 [2017], People v Brice, 146 AD3d 1152, 1154 [2017], lv denied 29 NY3d 996 [2017]; People v Moon, 119 AD3d 1293, 1294 [2014], lv denied 24 NY3d 1004 [2014]). In any event, inasmuch as the SCI specifically referenced Penal Law § 130.50 (4), which sets forth the elements of criminal sexual act in first degree, and alleged that defendant "did intentionally aid [her husband] when he engaged in oral sexual conduct with another person who was less than thirteen years old," we would conclude, if this issue were before us, that there are no jurisdictional deficiencies (see People v Dubois, 150 AD3d 1562, 1564 [2017]; People v Cook, 150 AD3d at 1543-1544; People v Moon, 119 AD3d at 1294).
Defendant further argues that her guilty plea was not knowing, voluntary and intelligent and that she was deprived of the effective assistance of counsel, which impacted the voluntariness of her guilty plea. Although these claims are not precluded by defendant's unchallenged appeal waiver, they have not been preserved for our review as the record does not disclose that she made an appropriate postallocution motion (see People v Baxter, 154 AD3d 1010, 1011 [2018]; People v Grumberg, 153 AD3d 1525, 1526 [2017]). Furthermore, the exception to the preservation requirement is inapplicable as defendant did not make any statements during the plea colloquy that cast doubt upon her guilt or called into question the voluntariness of her plea (see People v White, 156 AD3d 1249, 1249 [2017], lv denied 31 NY3d 988 [2018]; People v Mathayo, 155 AD3d 1090, 1091 [2017], lv denied 30 NY3d 1107 [2018]).
Garry, P.J., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is modified, on the law, by reversing defendant's conviction of sexual abuse in the first degree under count 2 of the superior court information; said count dismissed and the sentence imposed thereon vacated; and, as so modified, affirmed.