People v Bonfante (2018 NY Slip Op 08579)





People v Bonfante


2018 NY Slip Op 08579


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

108772

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
NICHOLAS F. BONFANTE, Appellant.

Calendar Date: November 15, 2018

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ.


Brian M. Quinn, Albany, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Michael Muia, Law Intern), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered May 12, 2016, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with attempted burglary in the second degree. Defendant thereafter pleaded guilty to the charged crime and waived his right to appeal. In accordance with the terms of the plea agreement, County Court sentenced him to a prison term of five years, followed by five years of postrelease supervision. Defendant appeals.
To the extent that defendant contends that his plea was not knowing, intelligent and voluntary, this claim survives his uncontested appeal waiver but is unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion (see People v White, 164 AD3d 959, 959 [2018]; People v Tucker, 161 AD3d 1481, 1482 [2018], lv denied 31 NY3d 1153 [2018]). As for defendant's ineffective assistance of counsel claim, it survives his appeal waiver to the extent that it impacts upon the voluntariness of his plea but is likewise not preserved for our review (see People v Gorman, 165 AD3d 1349, 1350 [2018]; People v Jackson, 163 AD3d 1360, 1360-1361 [2018]). Moreover, given that "defendant did not make any statements during his plea allocution that would cast doubt on his guilt or negate an element of the [charged] crime," the narrow exception to the preservation rule does not apply (People v Agrusti, 123 AD3d 1158, 1158 [2014], lv denied 26 NY3d 1142 [2016]; see People v Franklin, 146 AD3d 1082, 1084 [2017], lvs denied 29 NY3d 946, 948 [2017]).
Garry, P.J., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.