People v Weis (2019 NY Slip Op 03109)





People v Weis


2019 NY Slip Op 03109


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 25, 2019

109678

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DION WEIS, Appellant.

Calendar Date: March 20, 2019

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Dennis J. Lamb, Troy, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered December 8, 2016, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
In satisfaction of two indictments charging him with various crimes, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree and waived his right to appeal, both orally and in writing. In accordance with the terms of the plea agreement, he was sentenced as a second felony offender to 3½ years in prison followed by three years of postrelease supervision. He appeals.
Initially, we find no merit to defendant's claim that his waiver of the right to appeal is invalid. County Court advised defendant of the trial-related rights that he was forfeiting by pleading guilty, informing him that the right to appeal was separate and distinct from these rights. The court then had defendant review the comprehensive written appeal waiver with counsel in open court and ascertained that defendant signed it and understood its ramifications. In view of this, defendant's appeal waiver was valid (see People v Moore, 167 AD3d 1158, 1159 [2018], lv denied ___ NY3d ___ [Mar. 12, 2019]; People v Nieves, 163 AD3d 1359, 1359-1360 [2018], lv denied 32 NY3d 1006 [2018]).
Although not precluded by his valid waiver of the right to appeal, defendant's challenge to the voluntariness of his guilty plea is not preserved for our review as the record does not disclose that he made an appropriate postallocution motion (see People v Small, 166 AD3d 1237, 1238 [2018]; People v Suits, 158 AD3d 949, 950 [2018]). Moreover, the narrow exception to the preservation rule is inapplicable as defendant did not make any statements that negated his guilt or cast doubt upon the voluntariness of his plea (see People v Suits, 158 AD3d at 950-951; People v Shillabeer, 154 AD3d 1017, 1018 [2017]). Furthermore, defendant's valid appeal [*2]waiver precludes his challenge to the severity of the sentence (see People v Nieves, 163 AD3d at 1360; People v Venable, 161 AD3d 1315, 1315 [2018], lv denied 31 NY3d 1154 [2018]).[FN1]
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Although a challenge to the legality of a sentence survives a valid appeal waiver (see People v Surdis, 163 AD3d 1363, 1364 n [2018], lv denied 32 NY3d 1068 [2018]; People v Quinones, 162 AD3d 1402, 1402-1403 [2018]), defendant's claim that County Court failed to ask him if he wished to make a statement during sentencing (see CPL 380.50 [1]) is unpreserved inasmuch as defendant failed to make an appropriate objection at sentencing (see People v Morales-Lopez, 110 AD3d 1248, 1249 [2013], lvs denied 22 NY3d 1140 [2014]; People v Cianfarani, 81 AD3d 998, 999 [2011]).