People v Boyette (2019 NY Slip Op 06023)





People v Boyette


2019 NY Slip Op 06023


Decided on August 1, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 1, 2019

109816

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JACQUELINE BOYETTE, Appellant.

Calendar Date: June 21, 2019

Before: Garry, P.J., Lynch, Devine, Aarons and Pritzker, JJ.


Carolyn B. George, Albany, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jeffrey C. Kehm of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Clinton County (Lawliss, J.), rendered August 22, 2017, convicting defendant upon her plea of guilty of the crime of criminal sale of a controlled substance in the third degree (two counts).
In satisfaction of a five-count indictment, defendant pleaded guilty to two counts of criminal sale of a controlled substance in the third degree and waived her right to appeal, both orally and in writing. County Court sentenced defendant, a second felony offender, to the agreed-upon concurrent prison terms of five years, followed by three years of postrelease supervision. Defendant appeals.
We are unpersuaded by defendant's contention that the waiver of the right to appeal was invalid. After defendant pleaded guilty to the crimes, County Court explained that "the next part of the [plea] agreement" required that defendant waive her right to appeal, then provided a general explanation of the right to appeal, which defendant acknowledged she understood. Defendant proceeded to confer with counsel and execute a written appeal waiver, which specifically noted that the right to appeal is "separate [and] distinct" from those rights automatically forfeited by the guilty plea, and she confirmed to the court that she had read and understood the appeal waiver. Although County Court did not use the words "separate and distinct" in its colloquy, "a trial court need not engage in any particular litany or catechism in satisfying itself that a defendant has entered a knowing, intelligent and voluntary appeal waiver" (People v Bradshaw, 18 NY3d 257, 265 [2011] [internal quotation marks and citation omitted]; see People v Sanders, 25 NY3d 337, 341 [2015]; People v Douglas, 168 AD3d 1285, 1285 [2019]). We are satisfied that the language employed provided a sufficient basis for defendant to understand the separate and distinct nature of the right to appeal and did not impermissibly lump that right with those automatically forfeited by her guilty plea (see People v Womack, 172 AD3d 1819, 1820 [2019]; People v Douglas, 168 AD3d at 1286; People v Walker, 166 AD3d 1393, 1394 [2018]). As such, we find that defendant's combined oral and written appeal waiver was knowingly, voluntarily and intelligently entered. Given the valid appeal waiver, defendant's [*2]contention that County Court should have sentenced her to judicial diversion is precluded (see People v Royal, 161 AD3d 1217, 1218 [2018], lv denied 32 NY3d 1007 [2018]; People v Bonds, 148 AD3d 1304, 1305 [2017], lvs denied 29 NY3d 1076, 1081 [2017]).
Garry, P.J., Lynch, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.