People v King (2020 NY Slip Op 03693)





People v King


2020 NY Slip Op 03693


Decided on July 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 2, 2020

109997

[*1]The People of the State of New York, Respondent,
v
Juwan King, Appellant.

Calendar Date: June 11, 2020

Before: Egan Jr., J.P., Lynch, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Keeley A. Maloney, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Egan Jr., J.P.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered June 16, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
Defendant was charged in a 10-count indictment with numerous crimes stemming from incidents that occurred in June 2016 and July 2016. Following arraignment, defendant filed an omnibus motion seeking, among other things, to dismiss those counts of the indictment charging him with criminal possession of a weapon in the second degree contending, insofar as is relevant here, that the weapon in question "was not functioning or able to be fired." Upon reviewing the grand jury minutes, County Court denied defendant's motion, finding "that defendant did possess the magazine to the gun, therefore making it operable."
In full satisfaction of the indictment, defendant ultimately agreed to plead guilty to one count of criminal possession of a weapon in the second degree with the understanding that he would be sentenced to a prison term of four years followed by a period of postrelease supervision — to be determined by County Court — within the range of 2½ to 5 years. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and the matter was adjourned for sentencing.
Based upon statements attributed to defendant in the presentence investigation report, County Court conducted a further inquiry prior to sentencing, during the course of which defendant again affirmed — under oath — that he possessed a loaded firearm at a location other than his home or place of business on the day in question (see Penal Law § 265.03 [3]). County Court thereafter sentenced defendant to a prison term of four years followed by four years of postrelease supervision. This appeal ensued.
Defendant contends that County Court erred in denying his motion to dismiss because the People failed to establish that the weapon in question was operable. This argument is directed to the sufficiency of the evidence before the grand jury, and "defendant, by his guilty plea, has waived his right to challenge the legal sufficiency of the evidence supporting the indictment" (People v Melendez, 48 AD3d 960, 960 [2008], lv denied 10 NY3d 962 [2008]; see People v Greene, 171 AD3d 1407, 1408 [2019]; People v Busreth, 167 AD3d 1089, 1090 [2018], lv denied 33 NY3d 946 [2019]; People v Wilburn, 158 AD3d 894, 894-895 [2018], lv denied 31 NY3d 1123 [2018]; see also People v Shillabeer, 154 AD3d 1017, 1018 [2017]). Any assertion that the plea allocution itself was factually deficient on this point is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Cook, 150 AD3d 1543, 1544 [2017]). Finally, defendant's unchallenged appeal waiver precludes his claim that the sentence imposed is harsh and excessive (see People v Allen, 181 AD3d 1093, 1094 [2020]; People v Brickhouse, 181 AD3d 1057, 1057 [2020]).
Lynch, Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.