■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAREL THOMAS, Appellant. [649 NYS2d 817] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered October 5, 1994, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his statements were properly admitted into evidence. It is well settled that "where a person in police custody has been issued *Miranda* warnings and voluntarily and intelligently waives those rights, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody remained continuous" (*People v Glinsman,* 107 AD2d 710, *cert denied* 472 US 1021). Here, after the defendant waived his *Miranda* rights, he remained in continuous custody for approximately seven hours before making the inculpatory statements. Therefore, additional warnings were unnecessary (*see, e.g., People v Baker,* 208 AD2d 758; *People v Stanton,* 162 AD2d 987; *People v Williams,* 137 AD2d 568).

The issue of the legal sufficiency of the evidence is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the

evidence presented, are primarily for the jury which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88).

Furthermore, the defendant received the effective assistance of counsel (*see, People v Satterfield,* 66 NY2d 796, 798-799).

Finally, the defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.