■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WEBB, Appellant. [728 NYS2d 402] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered December 23, 1997, convicting him of rape in the first degree (four counts), sodomy in the first degree (three counts), robbery in the first degree (two counts), attempted sodomy in the first degree, arson in the second degree, robbery in the third degree, assault in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in denying his challenge for cause of two jurors who were police officers. A challenge to a prospective juror on the ground that the juror has a state of mind that is likely to preclude him or her from rendering an impartial verdict should be granted only if there is a substantial risk that the juror's state of mind will affect his or her ability to discharge his responsibilities, a determination committed to the discretion of the trial court, with its unique opportunities to evaluate the prospective jurors during voir dire (*see, People v Reid,* 251 AD2d 430; *People v Harris,* 247 AD2d 630). Nothing was said by these jurors which demonstrated that they would not be able to render an impartial verdict, and thus, the trial court providently exercised its discretion in denying the defense counsel's challenges.

The trial court properly granted the People's motion to visually and physically examine the defendant, because the People, before the improper receipt of the defendant's medical records, were aware that the assailant suffered from a condition in which he was unable to produce spermatozoa in his semen (*see,* CPL 240.40 [2] [vii]; *People v Randt,* 142 AD2d 611).

The defendant's remaining contentions are without merit. Ritter, J. P., Friedmann, Luciano and Smith, JJ., concur.