■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LOPEZ, Appellant. [775 NYS2d 861]—

Judgment, Supreme Court, New York County (James Yates, J.), rendered May 31, 2001, convicting defendant, after a jury trial, of burglary in the third degree, petit larceny and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to an aggregate term of $2^{1}/_{2}$ to 5 years, unanimously affirmed.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]). Defendant's theft-related convictions were highly relevant to his credibility, notwithstanding their similarity to the present charges. Furthermore, the court only permitted inquiry into a portion of defendant's very extensive record, and precluded elicitation of any underlying facts.

The court properly denied defendant's challenges for cause to two prospective jurors. The mere fact that one prospective juror was a police officer is not ground for a challenge for cause, and the officer said nothing to indicate that he could not be impartial (*see People v Webb*, 285 AD2d 659, 660 [2001]). Furthermore, his statement that he "believed" he would do his best to be impartial was not disqualifying (*see People v Chambers*, 97 NY2d 417, 419 [2002]). He also unequivocally stated that his impartiality would not be affected by any "outlandish" statements that defense counsel might make during cross-examination, and that he could acquit defendant if he did not believe a testifying police officer. Although the other panelist brought up her feelings of sympathy for a friend who recently had been the victim of a

theft, upon being told by the court that the case must be decided on the evidence alone, without any sympathy for either side, she unequivocally stated that there was no reason she could not be fair and impartial. The record, viewed as a whole, establishes that she gave unequivocal assurances of impartiality (*see People v Johnson*, 94 NY2d 600, 614 [2000]; *see also People v Nicholas*, 98 NY2d 749 [2002]; *People v Arnold*, 96 NY2d 358, 362-363 [2001]). Concur—Tom, J.P., Andrias, Sullivan, Ellerin and Williams, JJ.