■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS EVANS, Appellant. [792 NYS2d 112]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Knipel, J.), rendered October 22, 2002, convicting him of burglary in the first degree, criminal possession of a weapon in the second degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the Supreme Court erroneously admitted into evidence, over his objection, a seven-page written statement of the witness Aisha Walker. He claims that the statement constituted improper bolstering. The People offered this statement as a prior consistent statement to rehabilitate Walker, whose testimony allegedly was attacked as a recent fabrication. On appeal, the People offer a second conflicting ground to rationalize admission of the statement, that the defendant, on cross-examination of Walker, opened the door to the substance of the statement by establishing that Walker had made a statement to Detective Rivera and that it was inconsistent with her statements to other officers and to her trial testimony. However, it was error to admit the statement on either ground. As a prior consistent statement it was inadmissible, even assuming that her trial testimony was attacked as a recent fabrication, because the prior statement was not made at a time when she had no motive to lie (see People v McClean, 69 NY2d 426, 429 [where, as here, the defendant had a motive to falsify at the time of the prior consistent statement as well as at the time of trial]). Indeed, Walker had a motive to falsify at the times she gave each of her statements to the police officers, namely, to avoid complicity in the burglary and, hence, arrest, as well as at the time of trial, to satisfy a cooperation agreement that would keep her out of prison.

In addition, the statement was not consistent but, as the trial prosecutor proclaimed, it contained numerous inconsistencies. As such, it was error to permit the prosecutors to impeach their own witness (see Becker v Koch, 104 NY 394, 401 [1887]; Prince, Richardson on Evidence § 6-419 [Farrell 11th ed]). Neither

should it have been admitted on the theory that the defendant opened the door, in order to permit fleshing out the statement on the ground that only a misleading portion of the statement had been used on cross-examination (*see People v Torre*, 42 NY2d 1036, 1037 [1977]). On cross-examination the defendant carefully avoided any questions aimed at the content of the statement Walker gave to Detective Rivera.

Therefore, the seven-page statement and Detective Rivera's testimony about its contents were improperly admitted into evidence. This error, however, does not require reversal because there is no reasonable probability that the defendant would have been acquitted had the error not occurred (*see People v Seit*, 86 NY2d 92, 97 [1995]; *People v Crimmins*, 36 NY2d 230, 242 [1975]). The evidence, other than Walker's testimony, was overwhelming in establishing the defendant's culpability while, incidentally, confirming Walker's testimony implicating him.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Adams, J.P., Santucci, Goldstein and Crane, JJ., concur.