OPINION OF THE COURT
W. Patrick Falvey, J.
*1115 The People move pursuant to CPL 240.40 (2) (b) (iv) for an order directing defendant to permit the taking of photographs of his penis and pubic area. The charges involve the sexual assault of a child, who is now 14, but was under 11 at the time of some of the alleged crimes. The People claim that the defendant’s penis and pubic area have unique characteristics, recognizable by the victim.
The court initially made an order granting the relief requested, following oral argument on the motion. The People then made an additional application for an order allowing a medical doctor to be present during the photographing. The People allege that the photography session was scheduled, but the photographer was unable to photograph the penis and pubic area due to “fat rolls” on the abdominal area, which hid the pubic area from view.
At the time of the first application, defendant opposed, and requested clarification of the reasons for the photo. In response, a previously undisclosed sketch of defendant’s penis was provided by the People. The defendant does not object to the presence of a physician, provided the physician will not be performing any invasive procedure, nor subjecting the defendant to any medication. He asked that the anticipated actions of the physician be articulated. He asks that the court’s order state exactly what role the physician will serve in the photographing of defendant. He also seeks copies of all photographs resulting from this procedure, including copies of the photographs from the first attempt on or about April 27, 2006. And, if any of the unique characteristics the People expect to find are absent, then this should be considered Brady material, and be disclosed to the defendant.
In reply, the People state the reason for this additional inspection with a physician present is that the defendant is obese and the penis is not visible due to the fat roll, alleging that it is not uncommon for a penis to recede into the fatty area when a person is overweight. Therefore, the physician would aid in inspection and photographing by manually separating the fat layers from the penis. No medication will be used. The procedure amounts to a reasonable physical and medical inspection of defendant’s body. CPeople v Webb, 285 AD2d 659 [2001].)
Criminal Procedure Law § 240.40 (2) (b) allows the court, after an indictment has been filed, to order the defendant to provide certain nontestimonial evidence, including posing for *1116 photographs not involving reenactment of an event, and submitting to a reasonable physical or medical inspection of his body. Peter Preiser, Practice Commentaries (McKinney’s Cons Laws of NY, Book 11 A, CPL 240.40, at 416) notes that this subdivision has not been subjected to authoritative judicial construction. Thus, the question is left open of what showing the People must make, if any, for such an order. He argues there are Fourth Amendment issues, regarding probable cause, and that “there is no guidance in the statute to insulate the process from a mere ‘fishing expedition’. Litigation to date has not shed any determinative light upon this.” (Id. at 417.)
But, see People v Randt (142 AD2d 611 [1988]), where the Second Department held that CPL 240.40 (2) empowered a court to order the defendant to allow a dental examination where there were photographs of bite marks on the victim, and the People established that there was probable cause to believe the defendant had committed the crime of rape; that relevant evidence would be found; that the method to obtain the evidence was safe and reliable; that the evidence was important to the investigation owing to the victim’s lapses of memory; and that no less intrusive methods existed to obtain the evidence.
Here, probable cause exists in view of the indictment for the sexual assault crimes. The People intend to show unique characteristics of the defendant’s penis and pubic area, witnessed by the alleged victim, and so certainly, if the People’s prediction is correct, this would be relevant evidence, and important evidence in view of the age of the alleged victim and the nature of the alleged crimes. Further, the method used to obtain the evidence, with the participation of a physician, is safe and reliable, and a no less intrusive method appears to exist to obtain the evidence.
Criminal Procedure Law § 240.50 allows the court to issue a protective order, limiting the discovery in regard to any motion under CPL 240.40.
“The privilege against self-incrimination embodied in the Fifth Amendment of the Federal Constitution does not shield an accused against a compulsory submission to a simple exhibition of his or her body, or display of his or her identifiable physical characteristics, such as to a prosecution witness.” (31 NY Jur 2d, Criminal Law § 699.)
*1117 The People’s motion is granted, allowing the physician to be present and to manually attempt to expose the penis by manipulating the fat above the penis, with a photographer present to photograph the pubic area and penis. The defendant’s application that no medication be administered, and that if the physical characteristics looked for are absent, this be considered Brady material, is granted.