■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYDELL WASHINGTON, Appellant. [826 NYS2d 66]—

Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered June 29, 2004, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court properly denied defendant's challenge for cause to a prospective juror who stated unequivocally that his extensive law enforcement background and connections would have no effect on his ability to be impartial (*see People v Brown*, 26 AD3d 885 [2006], *lv denied* 6 NY3d 846 [2006]; *People v Lopez*, 7 AD3d 350 [2004], *lv denied* 3 NY3d 708 [2004]). The court, which saw and heard the panelist, credited his assurances, and there is no basis for disturbing its determination.

The court responded meaningfully (*see People v Almodovar*, 62 NY2d 126, 131 [1984]; *People v Malloy*, 55 NY2d 296, 301-302 [1982], *cert denied* 459 US 847 [1982]) to the jury's inquiries as to whether defendant could be found guilty if he was "involved in the sale in a way that is different than the

testimony presented," when it refused to give a one-word negative answer, which would have been inadequate, and it instead instructed the jury on the applicable principles of law. The court repeatedly warned the jury to base its verdict solely on the evidence, and not to engage in speculation (*see People v Wilkins*, 16 AD3d 217 [2005], *lv denied* 5 NY3d 796 [2005]). We have considered and rejected defendant's remaining arguments on this issue. Concur—Buckley, P.J., Mazzarelli, Andrias, Sullivan and Sweeny, JJ.