■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY VILLAFANE, Appellant. [852 NYS2d 301]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Ohlig, J.), rendered December 15, 2004, convicting him of murder in the first degree and murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to the police.

Ordered that the judgment is modified, on the law, by vacating the conviction of murder in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly refused to submit to the jury the issue of whether the People's witness was an accomplice, as no rational trier of fact could conclude that the witness was an accomplice of the defendant (*see People v LaFuente*, 187 AD2d 613 [1992]).

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to the police (*see People v Glinsman*, 107 AD2d 710 [1985], *lv denied* 64 NY2d 889 [1985], *cert denied* 472 US 1021 [1985]; *see People v Santiago*, 289 AD2d 421 [2001]; *People v Thomas*, 233 AD2d 347 [1996]).

While the trial court erred in admitting into evidence a prior consistent statement of the People's witness, the error involving the People's improper bolstering was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to the defendant's convictions (*see People v Evans*, 16 AD3d 517 [2005]).

The defendant correctly contends that his conviction of murder in the second degree, as well as the sentence imposed thereon, must be vacated, and that count of the indictment dismissed, because that charge constitutes an inclusory concurrent count of the conviction of murder in the first degree (*see People v Rosas*, 30 AD3d 545, 546 [2006], *affd* 8 NY3d 493 [2007]; *People v Rodriguez*, 7 AD3d 545, 546 [2004], *affd sub nom. People v Miller*, 6 NY3d 295 [2006]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt

was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]).

The sentence imposed was not excessive (*see People v Thompson*, 60 NY2d 513, 519 [1983]).

The defendant's argument alleging ineffective assistance of counsel is without merit (*see People v Baldi*, 54 NY2d 137, 151-152 [1981]).

The defendant's remaining contentions either are without merit or do not warrant reversal of the judgment. Lifson, J.P., Ritter, Angiolillo and Carni, JJ., concur.