■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERON WILSON, Appellant. [994 NYS2d 379]—

Appeal by the defendant from (1) a judgment of the County Court, Westchester County (Zambelli, J.), rendered December 16, 2003, convicting him of murder in the first degree (two counts), murder in the second degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence, and (2) a resentence of the same court imposed July 23, 2008.

Ordered that the judgment is modified, on the law, by vacating the convictions of murder in the second degree (two counts), vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed; and it is further,

Ordered that the resentence is affirmed.

The defendant failed to preserve for appellate review his contention that he was deprived of a fair trial because the trial court permitted the People's ballistics expert to opine on matters outside of his area of expertise and to give an opinion that lacked an adequate factual basis (see People v O'Keefe, 105 AD3d 1062 [2013]; People v Macuil, 67 AD3d 1025 [2009]). In any event, this contention is without merit, as the testimony was properly admitted (see generally People v Lee, 96 NY2d 157, 162 [2001]). Evidence was presented at trial that two victims were found on black-topped ground in an alleyway. Contrary to the defendant's contention, the opinion of the People's ballistics expert that the two victims had been lying on the ground when several of the shots were fired was not based entirely upon his own unsubstantiated guess regarding the composition of the residue found on the bullets. The expert specifically stated that he had not performed any chemical testing in forming his opinion. Eyewitnesses described the positioning of the two victims on the ground, and a diagram of this positioning was admitted into evidence at trial. There was evidence that five bullets passed through each of the victims' bodies. The expert observed substances adhering to the bullets that appeared to be tar and plaster. Based upon this evidence, the expert, who had 25 years of professional experience and knowledge in the field of

ballistics, was properly allowed to testify as to his opinion that, with a reasonable degree of scientific certainty, the victims had to have been lying on the ground when they were shot in order for there to have been enough force for the substances to adhere to the bullets.

However, as the defendant contends, and the People correctly concede, the defendant's convictions of murder in the second degree, as well as the sentences imposed thereon, must be vacated, and those counts of the indictment dismissed, because those charges constitute inclusory concurrent counts of the convictions of murder in the first degree (*see* CPL 300.30 [4]; 300.40 [3] [b]; *People v Miller*, 6 NY3d 295 [2006]; *People v Villafane*, 48 AD3d 712 [2008]; *People v Coleman*, 37 AD3d 489 [2007]; *People v Rosas*, 30 AD3d 545 [2006]).

The defendant's remaining contentions are without merit. Mastro, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.