■ The People of the State of New York, Respondent, v Jahmal Enoe, Appellant. [42 NYS3d 48]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garnett, J.), rendered May 5, 2014, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

The defendant was the rear-seat passenger of a livery cab that was pulled over by three police officers for failing to signal a left turn. As the officers approached the stopped cab, Sergeant William Gaspari and another officer observed the defendant, through the rear windshield, look back over his shoulder and

then shift rapidly in his seat from side-to-side and front-to-back. Sergeant Gaspari testified that he quickly approached and looked into the rear of the vehicle, focusing on the defendant, who was attempting to hide a gun behind his back. The sergeant signaled to his fellow officers that a gun was present, the defendant was removed from the back seat of the cab, and a gun was recovered. The defendant was charged with, inter alia, criminal possession of a weapon in the second degree.

Before the trial began, the People sought to limit the defense's questioning of one of the prosecution witnesses, Sergeant Gaspari, with respect to a federal civil rights lawsuit that had been filed against him by a man who claimed that Sergeant Gaspari had falsely arrested him on a made-up weapon possession charge in order to secure overtime compensation and a "credit" for a gun-related arrest. Defense counsel argued that the allegations of the federal lawsuit were relevant to the sergeant's credibility and, therefore, the defendant should be permitted to inquire on cross-examination about the lawsuit. The Supreme Court disagreed with the defendant, concluding that the line of questioning was not probative of the officer's credibility, and precluded the defense from inquiring into the underlying facts of the federal lawsuit. We reverse.

The Court of Appeals has held that law enforcement witnesses should be treated in the same manner as any other prosecution witness for purposes of cross-examination and that civil allegations of misconduct in a federal lawsuit filed against a law enforcement agent are favorable to a defendant as impeachment evidence insofar as such allegations bear on a law enforcement officer's credibility as a witness (*see People v Smith*, 27 NY3d 652 [2016]; *People v Garrett*, 23 NY3d 878, 886 [2014]). Furthermore, there is no prohibition against cross-examining a witness, including a police officer, about bad acts that have never been formally proven at a trial (*see People v Smith*, 27 NY3d at 661; *People v Sorge*, 301 NY 198, 201 [1950]).

In cross-examining a law enforcement witness, the same standard for good faith basis and specific allegations relevant to credibility applies, as does the same broad latitude to preclude or limit cross-examination (*see People v Smith*, 27 NY3d at 661-662). Counsel must first present a good faith basis for inquiring, namely the lawsuit relied upon. Second, specific allegations from the lawsuit that are relevant to the credibility of the law enforcement witness must be identified. Third, the trial judge must exercise discretion in assessing whether inquiry into such allegations would confuse or mislead the jury,

or create a substantial risk of undue prejudice to the parties (*see Delaware v Van Arsdall*, 475 US 673, 679 [1986]; *People v Smith*, 27 NY3d at 662).

Here, the Supreme Court erred in prohibiting the defendant from cross-examining Sergeant Gaspari with respect to the specific allegations of the federal lawsuit filed against him. The allegations of prior bad acts in the federal lawsuit against the sergeant established the defendant's good faith basis for cross-examining him with respect to that alleged misconduct. Furthermore, the specific allegations, that Sergeant Gaspari had previously falsely arrested an individual on a weapon possession charge for the purpose of securing overtime compensation and a "credit" for a gun-related arrest, were relevant to the credibility of Sergeant Gaspari in this case, where he testified that he witnessed the defendant possessing a gun in the back seat of the livery cab. Finally, there was no danger that such cross-examination would go to anything other than the sergeant's credibility or that it would confuse or mislead the jury. Accordingly, the defendant should not have been precluded from inquiring into the underlying facts of the federal lawsuit (*see People v Smith*, 27 NY3d at 667-669). However, to the extent defense counsel sought to ask about the settlement of the lawsuit, the Supreme Court properly prohibited that inquiry (*see id.* at 662).

Finally, the error was not harmless. Sergeant Gaspari's testimony was the key evidence establishing that the defendant possessed the gun recovered from the rear passenger seat of the cab, and Sergeant Gaspari was the only officer who viewed the weapon in the defendant's hand as he allegedly attempted to hide it behind his back. Sergeant Gaspari was also the only officer who was in a position to view the gun, prior to the defendant being removed from the vehicle. Had the defendant been permitted to cross-examine Sergeant Gaspari regarding the acts underlying the federal lawsuit, the jury could have chosen not to credit the sergeant's testimony and would have been left to consider whether the People proved beyond a reasonable doubt that the gun recovered from the cab was possessed by the defendant, absent any forensic evidence otherwise linking the defendant to the gun. Proof of the defendant's guilt was not overwhelming, and it cannot be said that there was no significant probability that the jury would have acquitted if the defendant had been permitted to impeach Sergeant Gaspari. Accordingly, the error requires reversal (*see id.* at 668).

The defendant's remaining contentions either are without merit or need not be reached in light of our determination. Eng, P.J., Austin, Roman and Cohen, JJ., concur.