■ The People of the State of New York, Respondent, v Troy Q. Casey, Appellant. [50 NYS3d 528]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Lopez, J.), dated September 10, 2015, which denied his motion pursuant to CPL 440.10 to vacate a judgment of conviction rendered December 22, 2014, on the ground that he was deprived of the effective assistance of counsel.

Ordered that the order is affirmed.

The defendant was convicted of criminal possession of a weapon in the second degree. He moved to vacate the judgment pursuant to CPL 440.10, on the ground that he was deprived of the effective assistance of counsel at a pretrial suppression hearing and at trial. The defendant argued that trial counsel was ineffective for failing to impeach a police detective based on prior allegations made against that detective in several federal lawsuits. The defendant also argued that trial counsel was ineffective in failing to cross-examine that detective as to the contents of a police "stop and frisk" report that was purportedly inconsistent with the detective's hearing and trial testimony.

To establish a violation of the Sixth Amendment right to the effective assistance of counsel, a defendant must show, first,

"that counsel's representation fell below an objective standard of reasonableness," and additionally, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (*Strickland v Washington*, 466 US 668, 688, 694 [1984]). Under the New York State Constitution, "a defendant must demonstrate that counsel failed to provide meaningful representation based on the totality of the representation" and "does not have to establish prejudice, as is required under the federal standard" (*People v Hogan*, 26 NY3d 779, 790 [2016]; *see People v Baldi*, 54 NY2d 137, 147 [1981]).

Here, the Supreme Court did not err in denying the defendant's motion to vacate the judgment of conviction on the ground that he was denied the effective assistance of counsel. The subject stop and frisk report was not inconsistent with the detective's hearing and trial testimony; rather, the report simply contained information about which that police officer was not questioned.

Furthermore, while specific and relevant allegations of misconduct in a civil action filed against a law enforcement officer may be used for the limited purpose of impeaching that law enforcement witness at trial (*see People v Smith*, 27 NY3d 652, 662 [2016]; *People v Enoe*, 144 AD3d 1052, 1053-1054 [2016]), such impeachment is subject to the court's broad discretion in controlling the permissible scope of cross-examination (*see People v Tavares-Nunez*, 87 AD3d 1171, 1174 [2011]; *Matter of Andre S.*, 51 AD3d 1030, 1033 [2008]). Here, the failure of the defendant's trial counsel to engage in such impeachment did not constitute ineffective assistance of counsel. Indeed, a single error by trial counsel will not be deemed to have deprived a defendant of the effective assistance of counsel, unless that error is "sufficiently egregious and prejudicial as to compromise a defendant's right to a fair trial" (*People v Caban*, 5 NY3d 143, 152 [2005]; *see People v Turner*, 5 NY3d 476, 480 [2005]). The record as a whole establishes that trial counsel competently represented the defendant and provided him with meaningful representation (*see People v Baldi*, 54 NY2d at 147). Under these circumstances, trial counsel's failure to engage in this area of cross-examination did not, standing alone, deprive the defendant of a fair trial (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d at 147). Mastro, J.P., Chambers, Miller and Barros, JJ., concur.