People v Brown (2020 NY Slip Op 01632)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Brown

2020 NY Slip Op 01632

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2016-06931
(Ind. No. 28/16)

[*1]The People of the State of New York, respondent,
vTyrell Brown, appellant.

Paul Skip Laisure, New York, NY (Denise A. Corsí of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart, Anne Grady, and Alex Fumelli of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William Garnett, J.), rendered June 13, 2016, convicting him of murder in the first degree (two counts), murder in the second degree (two counts), and robbery in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the convictions of murder in the second degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.
In the early morning hours of July 6, 2014, the defendant fatally shot 23-year-old Devin Powell during a robbery. Shortly thereafter, the defendant shot and killed 40-year-old Kuwan Collins during a robbery, and, less than an hour later, carjacked Abraham Odebunmi at gunpoint and robbed him of his personal items. The jury returned a verdict finding the defendant guilty of murder in the first degree (two counts) (Penal Law § 125.27[1][a][vii]), murder in the second degree (two counts) (Penal Law § 125.25[1]), and robbery in the first degree (Penal Law § 160.15[4]). On appeal, the defendant contends that the admission into evidence at trial of his historical cell site location information (hereinafter CSLI) violated his Fourth Amendment right against unreasonable searches and seizures, as the information was obtained by means of a court order issued upon a
showing of less than probable cause. The defendant also challenges the Supreme Court's ruling in limine prohibiting the defense from cross-examining a particular police detective with respect to the detective's prior bad acts. Finally, the defendant contends that the sentences imposed were excessive.
The defendant's contention that the search of his CSLI records obtained by means of a court order issued upon a showing of less than probable cause violated the Fourth Amendment (see Carpenter v United States, ___ US ___, 138 S Ct 2206) is unpreserved for appellate review (see CPL 470.05[2]; People v Vale, 177 AD3d 685, 686; People v Lanham, 177 AD3d 637, 638; People v Taylor, 172 AD3d 1110; People v Clark, 171 AD3d 942), as "[t]he defendant did not object to the admission of the evidence on Fourth Amendment grounds, either before or during trial" (People v Lanham, 177 AD3d at 638). In any event, any error in the Supreme Court's admission of the defendant's CSLI records was harmless, because the evidence of guilt was overwhelming and there was no reasonable possibility that the error might have contributed to the defendant's convictions [*2](see People v Crimmins, 36 NY2d 230; People v Taylor, 172 AD3d at 1111; People v Jiles, 158 AD3d 75, 77).
While specific and relevant allegations of misconduct in a civil action filed against a law enforcement officer may be used for the limited purpose of impeaching that law enforcement witness at trial (see People v Smith, 27 NY3d 652, 662; People v Casey, 149 AD3d 771; People v Enoe, 144 AD3d 1052), such impeachment is subject to the court's broad discretion in controlling the permissible scope of cross-examination (see People v Casey, 149 AD3d at 772). Here, the defendant failed to demonstrate that specific allegations of excessive force in a federal action pending against the detective and a finding in 2010 by the Civilian Complaint Review Board that the detective used excessive force were relevant to the detective's credibility (cf. People v Moore, 168 AD3d 1102; People v Watson, 163 AD3d 855; People v Enoe, 144 AD3d at 1053). While we disagree with the Supreme Court's determination to preclude defense counsel from inquiring into the facts underlying a recent disciplinary proceeding against the detective, the error was harmless under the circumstances (see People v Moore, 168 AD3d 1102; People v Watson, 163 AD3d at 861; cf. People v Enoe, 144 AD3d at 1054).
The defendant's convictions of intentional murder in the second degree pursuant to Penal Law § 125.25(1), as well as the sentences imposed thereon, must be vacated, and those counts of the indictment dismissed, because those charges constitute inclusory concurrent counts of the convictions of murder in the first degree pursuant to Penal Law § 125.27(1)(a)(vii) (see People v Davis, 155 AD3d 1311; People v Wilson, 121 AD3d 923; People v Villafane, 48 AD3d 712; People v Rodriguez, 7 AD3d 545, affd 6 NY3d 295).
The sentences imposed on the convictions of murder in the first degree and robbery in the first degree were not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court