People v Legrand (2021 NY Slip Op 03333)





People v Legrand


2021 NY Slip Op 03333


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-11050
 (Ind. No. 3/16)

[*1]The People of the State of New York, respondent,
v
Differson Legrand, appellant.


Paul Skip Laisure, New York, NY (Priya Raghavan of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Joseph Ferdenzi, Sharon Brodt, and Merri Turk Lasky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephanie Zaro, J.), rendered September 13, 2017, convicting him of rape in the second degree, kidnapping in the second degree, promoting prostitution in the second degree, and promoting prostitution in the third degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of kidnapping in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant was convicted of rape in the second degree, kidnapping in the second degree, promoting prostitution in the second degree, and two counts of promoting prostitution in the third degree after the complainant testified that, when she was 14 years old, the defendant prostituted her, engaged in sexual intercourse with her, and held paid "stripper" parties in his house.
The defendant's contention that the evidence was legally insufficient to support his conviction of two counts of promoting prostitution in the third degree is unpreserved for appellate review (see CPL 470.05[2]; People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of two counts of promoting prostitution in the third degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon our independent review of the record here, we are satisfied that the verdict of guilt of promoting prostitution in the second degree and two counts of promoting prostitution in the third degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644-645).
However, the evidence was legally insufficient to support the conviction of kidnapping in the second degree. "A person is guilty of kidnapping in the second degree when he [*2][or she] abducts another person" (Penal Law § 135.20). "'Abduct' means to restrain a person with intent to prevent his [or her] liberation by . . . (a) secreting or holding him [or her] in a place where he [or she] is not likely to be found" (id. § 135.00[2]). "'Restrain' means to restrict a person's movements intentionally and unlawfully in such [a] manner as to interfere substantially with his [or her] liberty by moving him [or her] from one place to another, or by confining him [or her] either in the place where the restriction commences or in a place to which he [or she] has been moved, without consent and with knowledge that the restriction is unlawful" (id. § 135.00[1]). "A person is so moved or confined 'without consent' when such is accomplished by . . . any means whatever, including acquiescence of the victim, if he [or she] is a child less than sixteen years old . . . and the parent, guardian or other person or institution having lawful control or custody of him [or her] has not acquiesced in the movement or confinement" (id.). Here, viewing the evidence in the light most favorable to the People, the evidence does not establish that the defendant had "knowledge that the restriction [of the complainant's movements was] unlawful" (id.), as the record fails to establish that the defendant knew that the complainant was under the age of 16 or that he knew she had run away and that her parents were looking for her, during a period of three days to one week that she was staying at his house (cf. People v Vail, 174 AD3d 1365, 1367). Moreover, the evidence also failed to establish that the defendant intentionally restricted the complainant's movements by confining her (see Penal Law § 135.00[1]), or that he intended to prevent her liberation by "secreting or holding [her] in a place where [she was] not likely to be found" (id. § 135.00[2]). Without establishing that the defendant knew that the complainant was a 14-year-old runaway, the People failed to establish that the defendant possessed the requisite intent to restrict her movements by confining her, or to prevent her liberation by keeping her hidden from her parents in a place where she was unlikely to be found. Accordingly, we vacate the defendant's conviction of kidnapping in the second degree and the sentence imposed thereon and dismiss that count of the indictment.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in precluding the defendant from cross-examining the complainant about an alleged prior allegation of gang rape. The defendant did not provide a "basis for believing that the prior unrelated claims were false" (People v Passenger, 175 AD2d 944, 946; see People v Mandel, 48 NY2d 952, 953-954; People v Lominy, 176 AD3d 741, 741-742), nor did he "provide a sufficient factual basis 'to suggest a pattern casting substantial doubt on the validity of the [subject] charges'" (People v Weberman, 134 AD3d 862, 863, quoting People v Mandel, 48 NY2d at 953).
While specific and relevant allegations of misconduct in a civil action filed against a law enforcement officer may be used for the limited purpose of impeaching that law enforcement witness at trial (see People v Smith, 27 NY3d 652, 662; People v Brown, 181 AD3d 701, 702-703), such impeachment is subject to the court's broad discretion in controlling the permissible scope of cross-examination (see People v Brown, 181 AD3d at 702). Here, the defendant's contention that the Supreme Court improvidently exercised its discretion in its determination to preclude defense counsel from inquiring into the allegations of false arrest in a federal action pending against the detective is only partially preserved for appellate review (see CPL 470.05[2]). In any event, under the circumstances, any error was harmless, as the evidence of guilt was overwhelming, and there is no significant probability that the jury would have acquitted the defendant but for the error (see People v Crimmins, 36 NY2d 230, 242).
The Supreme Court providently exercised its discretion when it admitted into evidence certain postings and photographs from a social media account. The People presented sufficient evidence that the subject social media accounts belonged to and were controlled by the defendant, and that the photographs admitted into evidence were accurate representations of what was posted on the social media accounts (see People v Price, 29 NY3d 472, 479-480; cf. People v Upson, 186 AD3d 1270, 1271).
The defendant's contention that certain social media postings were inadmissible under Molineux (see People v Molineux, 168 NY 264) is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
In light of our determination we need not reach the defendant's remaining contention.
HINDS-RADIX, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court