People v Watson (2021 NY Slip Op 50614(U))

[*1]

People v Watson (Kirk)

2021 NY Slip Op 50614(U) [72 Misc 3d 129(A)]

Decided on July 1, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 1, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: McShan, J.P., Brigantti, Hagler, JJ.

570074/18

The People of the State of New York,
Respondent,
against
Kirk Watson, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Steven M. Statsinger, J.), rendered August 29, 2017, after a nonjury trial,
convicting him of two counts of attempted forcible touching and one count of sexual abuse in the
third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered August 29, 2017, affirmed.
The prosecutor's information charging attempted forcible touching (see Penal Law
§§ 110, 130.52[1],[2]) and sexual abuse in the third degree (see Penal Law
§ 130.55) was jurisdictionally valid because the factual allegations in the original
information establish every element of the offenses and defendant's commission thereof (see
People v Inserra, 4 NY3d 30 [2004]). The original information alleges that defendant
followed a female passenger into a subway train car, "push[ed] his groin up against" her buttocks
and "repeatedly rub[bed] against her," even though there was enough room behind defendant
such that he did not have to press up against the victim, and that defendant repeated this conduct
after the victim moved away. Based upon these allegations, it can be reasonably inferred that
defendant touched the victim for the purpose of degrading or abusing her and to gratify his sexual
desires (see People v Hatton, 26 NY3d 364 [2015]; People v Guaman, 22 NY3d
678 [2014]; People v Bookard, 167
AD3d 424 [2018], lv denied 32 NY3d 1169 [2019]). 
The verdict was based on legally sufficient evidence and was not against the weight of the
evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing
the court's determinations concerning credibility in which it credited the testimony of the two
plainclothes police officers who witnessed the incident and rejected defendant's testimony (see People v Ramos, 166 AD3d
442 [2018], lv denied 32 NY3d 1177 [2019]). Any minor inconsistencies in
testimony were properly considered by the court (see People v Romero, 7 NY3d 633
[2006]).
Defendant's contention that he was deprived of his constitutional rights to confrontation and
due process when the court limited his cross-examination of a police witness about a prior civil
lawsuit against him alleging excessive force is unpreserved, and we decline to review it in the
interest of justice. As an alternative holding, we reject it on the merits. Defendant received [*2]ample scope in which to impeach the officer's credibility, and
defendant failed to demonstrate how the prior allegations of excessive force were relevant to the
officer's credibility (see People v
Brown, 181 AD3d 701 [2020], lv denied 35 NY3d 1064 [2020]). In any event,
any constitutional or nonconstitutional error was harmless in view of the overwhelming evidence
of guilt (see People v Crimmins, 36 NY2d 230 [1975]).
The court's summary denial of defendant's application for new counsel was appropriate.
Defendant made the application on the day the case was proceeding to trial and in the context of
a meritless application for an adjournment to hire an investigator. Defendant expressed only a
vague, generalized complaint about retained counsel's strategy, a complaint which did not
constitute good cause (see People v
Hampton, 168 AD3d 559, 560 [2019], lv denied 33 NY3d 949 [2019]) and did
not require further inquiry under all the circumstances (see People v Stokes, 149 AD3d 510
[2017], lv denied 29 NY3d 1087 [2017]).
Defendant's contention that the court violated his constitutional right to confrontation by
denying his request for an adjournment to interview witnesses is unpreserved for appellate
review (see People v Carmona, 185
AD3d 600, 603 [2020]) and we decline to review it in the interest of justice. Were we to
review this claim, we would reject it. The court properly exercised its discretion when it denied
this request because eight months had elapsed since defendant's arraignment and the court "was
not required, as a matter of law, to grant defendant an adjournment to try to put together a more
persuasive case" (People v Diggins,
11 NY3d 518, 525 [2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: July 1, 2021