People v Torres (2021 NY Slip Op 06011)





People v Torres


2021 NY Slip Op 06011


Decided on November 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 4, 2021

112621
[*1]The People of the State of New York, Respondent,
v
George Torres, Appellant.

Calendar Date:September 8, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Ebanks Law Firm, New York City (Alberto Ebanks of counsel), for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Christian P. Morris of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered May 17, 2019, convicting defendant upon his plea of guilty of the crimes of kidnapping in the second degree, kidnapping in the second degree as a sexually motivated felony and tampering with physical evidence.
In November 2018, based upon allegations that he abducted a 12-year-old girl for the purpose of his own direct sexual gratification and that he thereafter destroyed evidence of the abduction, defendant was indicted on the charges of kidnapping in the second degree, kidnapping in the second degree as a sexually motivated felony, tampering with physical evidence and endangering the welfare of a child. After unsuccessfully moving for, among other things, dismissal of the indictment on the basis that the evidence before the grand jury was legally insufficient, defendant pleaded guilty to the indictment, with no promises as to his sentence. Defendant was subsequently sentenced to concurrent prison terms of 9½ years, followed by 10 years of postrelease supervision, on each of his kidnapping convictions, as well as a concurrent prison term of 1&frac13; to 4 years for his conviction of tampering with physical evidence. County Court dismissed the charge of endangering the welfare of a child on the basis that it merged with the kidnapping convictions. Defendant appeals.
Primarily relying upon the dissent in People v Vail (174 AD3d 1365 [2019, NeMoyer, J., dissenting]), defendant argues that the evidence before the grand jury failed to establish that he committed the crime of kidnapping in the second degree, as defined in Penal Law § 135.20 (see Penal Law §§ 135.00, 135.30). Defendant contends that his actions should not be criminalized as he was merely aiding a runaway minor and not committing the crime of kidnapping. Such argument, however, is directed at the sufficiency of the evidence before the grand jury and is therefore foreclosed by defendant's guilty plea (see People v Guerrero, 28 NY3d 110, 117 [2016]; People v Hansen, 95 NY2d 227, 232 [2000]; People v King, 185 AD3d 1090, 1090-1091 [2020]). In any event, were this properly before us, we would — upon our review of the grand jury minutes [FN1] and relevant case law — find such argument to be unavailing (see e.g. People v Vail, 174 AD3d at 1366-1367; People v Delp, 156 AD3d 1450, 1451-1452 [2017], lv denied 31 NY3d 983 [2018]; People v De Vyver, 89 AD2d 745, 747 [1982]; compare People v Legrand, 194 AD3d 1073, 1074-1075 [2021], lv denied 37 NY3d 972 [2021]). Defendant's contention that the grand jury instructions were legally deficient is similarly foreclosed by his guilty plea (see People v Fatiu, 158 AD3d 890, 891 [2018]; People v Rapp, 133 AD3d 979, 979 [2015]).
Defendant next asserts that his trial counsel "took the easy way out by recommending that [he] plead guilty . . . rather than contest the allegations of the indictment" and that he was therefore denied the effective assistance of counsel. Given [*2]that defendant's claim of ineffective assistance of counsel is premised upon off-the-record advice allegedly given by his trial counsel, such claim is best addressed in the context of a motion to vacate pursuant to CPL article 440 (see People v Burks, 187 AD3d 1405, 1407-1408 [2020], lv denied 36 NY3d 1095 [2021]; People v Sylvan, 107 AD3d 1044, 1045-1046 [2013], lv denied 22 NY3d 1141 [2014]). Moreover, defendant did not challenge the voluntariness of his guilty plea or make a postallocution motion to vacate his plea (see generally People v Mastro, 174 AD3d 1232, 1233 [2019]; People v Gause, 159 AD3d 1277, 1278 [2018]).
Lastly, defendant argues that the sentence imposed upon him was harsh and excessive. Upon review of the record and the sentences imposed, which fell well within the permissible statutory ranges (see Penal Law §§ 70.00 [2] [d]; [3] [b]; 70.02 [3] [a]; 70.80 [4] [a]), we discern no abuse of discretion or extraordinary circumstances that would warrant a modification of the sentence in the interest of justice. Contrary to defendant's contentions, it is clear from the record that County Court rendered sentence after considering the facts underlying the crimes and weighing the attendant aggravating and mitigating factors, including defendant's age, physical disability and lack of criminal history (see generally Penal Law §§ 1.05, 70.80 [2]). Accordingly, we will not disturb defendant's sentence (compare People v Saunders, 261 AD2d 718, 721-722 [1999], lv denied 94 NY2d 829 [1999]).
Garry, P.J., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Upon motion, this Court directed the Washington County Clerk's office to release a copy of the grand jury minutes to defendant's counsel, as well as this Court (see 2021 NY Slip Op 63300[U]). However, the evidence presented at the grand jury proceeding remains confidential and cannot be disclosed (see CPL 190.25 [4] [a]).