People v Shepherd (2022 NY Slip Op 03482)





People v Shepherd


2022 NY Slip Op 03482


Decided on May 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2022

Before: Acosta, P.J., Renwick, Singh, Moulton, Kennedy, JJ. 


Ind. No. 1418/18 Appeal No. 16054 Case No. 2020-01861 

[*1]The People of the State of New York, Respondent,
v
Elliot Shepherd, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Ben A. Schatz of counsel), and Milbank LLP, New York (Jeremy Butt of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Dana Poole of counsel), for respondent.



Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered February 7, 2020, as amended July 2, 2020, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him to a term of five years, unanimously affirmed.
The court providently exercised its discretion in denying defendant's challenge for cause to a prospective juror who was a prosecutor in a different county (i.e. the Bronx) and the record does not establish any implied bias, that is, that the panelist had any relationship to the prosecution "of such nature that it [was] likely to preclude h[er] from rendering an impartial verdict" (CPL 270.20[1][c]), and her answers otherwise established that she could be impartial and acquit if the People did not prove defendant's guilt beyond a reasonable doubt. The panelist did not state that — and defense counsel did not ask whether — she had any contact with or relationship to the trial prosecutor, the New York County District Attorney's Office, or any witness, or any prior familiarity with the instant case, or any connection to any New York County criminal case (see People v White, 297 AD2d 587, 588 [1st Dept 2002], lv denied 99 NY2d 565 [2002]; see also People v Disieno, 184 AD3d 498 [1st Dept 2020], lv denied 35 NY3d 1093 [2020]). The cases cited by defendant (see e.g. People v Southall, 156 AD3d 111, 119 [1st Dept 2017], lv denied 30 NY3d 1120 [2018]) involve panelists with relationships to the prosecuting agencies in those cases, not with prosecutors for neighboring jurisdictions.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There was ample evidence of physical injury (see People v Chiddick, 8 NY3d 445, 447-48 [2007]; People v Guidice, 83 NY2d 630, 636 [1994]). There is no basis for disturbing the jury's credibility determinations regarding the victim's descriptions of her injuries. During a purse snatching, defendant injured the victim's shoulder, causing a bruise and a strained trapezius muscle that required her to sleep on the opposite shoulder for two weeks and caused pain lasting about three weeks, and for which she was prescribed pain killers and physical therapy (see e.g. Matter of Veronica R., 268 AD2d 287 [1st Dept 2000]). Medical records and photos of the bruise corroborated her claims.
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 31, 2022