People v Phuong Lam (2025 NY Slip Op 50066(U))

[*1]

People v Phuong Lam

2025 NY Slip Op 50066(U) [85 Misc 3d 126(A)]

Decided on January 24, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 24, 2025
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570565/19

The People of the State of New
York, Respondent,
against
Phuong Lam,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
New York County (Cori H. Weston, J.), rendered July 30, 2019, after a jury trial,
convicting him of two counts of forcible touching and one count of sexual abuse in the
third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Cori H. Weston, J.), rendered July 30, 2019, affirmed.
The information charging forcible touching (see Penal Law § 130.52)
and third-degree sexual abuse (see Penal Law § 130.55), was not
jurisdictionally defective. Nonhearsay allegations established every element of the
offenses and defendant's commission thereof (see CPL 100.40[1][c]; People v Middleton, 35 NY3d
952, 954 [2020]). Allegations that defendant pushed his groin against the buttocks
of a female passenger on a subway train and repeatedly rubbed against her, without
consent, supported an inference that defendant acted for the purpose of sexual
gratification and to degrade or abuse the victim (see People v Hatton, 26 NY3d 364, 369 [2015]; People v Guaman, 22 NY3d
678 [2014]; People v
Bookard, 167 AD3d 424 [2018], lv denied 32 NY3d 1169 [2019]).
The verdict was supported by legally sufficient evidence and was not against the
weight of the evidence (see
People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the
court's credibility determinations, in which it credited the testimony of the victim and two
police officers, and found defendant not to be credible (see People v Ramos, 166
AD3d 442 [2018], lv denied 32 NY3d 1177 [2019]).
The court providently exercised its discretion in permitting defendant to
cross-examine the arresting officers about misconduct alleged in two federal lawsuits
against them, specifically, allegations that they made stops without probable cause and
filed false charges, while precluding cross-examination regarding a third federal lawsuit
alleging excessive force (see
People v Smith, 27 NY3d 652 [2016]). Defendant received ample scope in
which to impeach the officers' credibility. Moreover, defendant failed to demonstrate
how the prior allegations of excessive force made in the third lawsuit, specifically,
allegations that they pushed a suspect down a flight of stairs and punched him in the face,
were relevant to the officers' credibility in this case (see People v Brown, 181 AD3d 701, 702-703 [2020], lv
denied 35 NY3d 1064 [2020]; People v [*2]Watson, 72 Misc
3d 129[A], 2021 NY Slip Op 50614[U][App Term, 1st Dept 2021]), and the
prejudice resulting from reception of the evidence would far exceed its probative value.
In any event, any error was harmless in view of the overwhelming evidence of guilt
(see People v Crimmins, 36 NY2d 230, 241-242 [1975]).
The court providently exercised its discretion in denying defendant's challenge for
cause to a prospective juror who indicated that she worked as an appellate attorney for
the City of New York, handling various matters including juvenile delinquency cases,
and had previously worked in the City Law Department enforcing criminal violations of
the Administrative Code. The fact that the panelist sometimes represented law
enforcement in her work is not a ground for a challenge for cause (see CPL
270.20[1][c]; People v
Shepherd, 205 AD3d 652 [2022], lv denied 39 NY3d 942 [2022]; People v Noakes, 57 AD3d
280,281 [2008], lv denied 12 NY3d 786 [2009]]; People v Washington, 35
AD3d 288 [2006], lv denied 8 NY3d 951 [2007]), and she provided
unequivocal assurances of her impartiality (see People v Lopez, 7 AD3d 350, 351 [2004], lv denied
3 NY3d 708 [2004]; People v Webb, 285 AD2d 659, 660 [2001], lv
denied 97 NY2d 689 [2001]). Defendant's remaining arguments for disqualifying the
panelist are unpreserved and we decline to review them in the interest of justice. As an
alternative holding, we find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: January 24, 2025