People v Chandler

2026 NY Slip Op 50747(U)

May 18, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Crimes—Right to Speedy Trial--Illusory Statement of Readiness. Crimes—Witnesses--Cross-Examination of Law Enforcement Witness--Excessive Force Alleged in Federal Lawsuit

The People of the State of New York, Respondent,

v

Calvin Chandler, Defendant-Appellant.

Supreme Court, Appellate Term, First Department

Decided on May 18, 2026

570047/20

Present: James, P.J., Brigantti, Perez, JJ.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kate Paek, J.), rendered September 9, 2019, after a jury trial, convicting him of driving while intoxicated per se, and imposing sentence.

[*1]

Per Curiam.

Judgment of conviction (Kate Paek, J.), rendered September 9, 2019, affirmed.

The verdict convicting defendant of driving while intoxicated per se (see Vehicle and Traffic Law § 1192 [2]) was supported by legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (see People v Danielson, 9 NY3d 342, 348—349 [2007]). The evidence established that defendant operated a motor vehicle while having a blood alcohol content of .15%, as measured by the Intoxilyzer 9000 (see People v DeMarasse, 85 NY2d 842, 845 [1995]).

The court properly denied defendant's statutory speedy trial motion. Defendant did not meet his burden of demonstrating that the People's August 20, 2018 statement of readiness, which is presumed truthful and accurate, was illusory (see People v Brown, 28 NY3d 392, 405-406 [2016]; People v Jimenez-Gomez, 198 AD3d 443, 444 [2021], lv denied 37 NY3d 1146 [2021]). Although the People declared a lack of readiness at subsequent court appearances, they provided a reason for their change in readiness status and defendant failed to show that the People were not actually ready to proceed at the time they filed their statement of readiness (see People v Brown, 28 NY3d at 406; People v Rice, 172 AD3d 1616, 1619 [2019]).

Significantly, defendant's speedy trial motion did not allege that the statement of readiness was illusory for the reasons he now raises on appeal, i.e., not all of the police officers needed to testify when the people asked for an adjournment, the People should have been aware of the officer's vacation days, or that the successive adjournments were part of a pattern of avoiding the speedy trial clock. Therefore, these claims are unpreserved and we decline to review them in the interest of justice (see People v Turner, 172 AD3d 1768, 1770 [2019], lv denied 34 NY3d 939 [2019]; People v Alaouie, 8 AD3d 86, 86 [2004], lv denied 3 NY3d 669 [2004]). Were we to review these claims, we would find, to the extent the record permits review, [*2]that they are unavailing. We note that defendant does not otherwise challenge Criminal Court's finding that 64 days were chargeable to the People.

The court providently exercised its discretion in permitting defendant to cross-examine the officers about misconduct alleged in two federal lawsuits against them, specifically, allegations that they fabricated evidence and filed false charges, while precluding cross-examination in federal lawsuits alleging excessive force (see People v Smith, 27 NY3d 652 [2016], rearg. denied 28 NY3d 1112 [2016]). Defendant received ample scope in which to impeach the officers' credibility. Moreover, defendant failed to demonstrate how the prior allegations of excessive force were relevant to the officers' credibility in this case (see People v Brown, 181 AD3d 701, 702-703 [2020], lv denied 35 NY3d 1064 [2020]). Similarly, the court providently exercised its discretion in precluding cross-examination of police officers about lawsuits alleging an invalid order of protection and a deliberate indifference to a suspect's medical needs (see People v Smith, 27 NY3d at 662). As noted by the court, since the facts in those lawsuits are not related to the facts of this case and "any sort of relevance to [the officers' credibility] is too attenuated," the prejudice resulting from reception of the evidence would exceed its probative value (see People v Aguilar, 206 AD3d 572, 573 [2022], affd 41 NY3d 335 [2024][evidence of "conjectural significance" properly precluded]). In any event, any error was harmless in view of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: May 18, 2026